MONCURE, P.,
delivered the opinion of the court:
This case presents the question whether, in an indictment for larceny, the property alleged to have been stolen can be stated to have been the property of a married woman. It is well settled at common law that in an indictment for larceny the name of the owner of the property stolen must be stated, and a married woman cannot be stated to be the owner. The law on' this subject is thus laid down by Russell: 1 ‘It is necessary that there should be in some person a sufficient ownership of the things stolen; and that they should be stated in the indictment as the goods and chattels or property of such person.” 2 Russ. 86.
“Where goods are in the possession of the wife, thejT must be laid as the goods of her husband; thus if A is indicted for stealing the goods of B, and it appears that B was a feme .covert at the time, A must be acquitted.” Id. 89. Husband and wife are in law one person. Her, legal entity is merged in his; and in all legal proceedings, criminal or civil, he is regarded as the owner of property in her possession (if it belong *not to a third person), even though it .be her wearing apparel. At common law, therefore, there could be no difficulty in this case. Has the common law rule been changed by statute, or so far changed as to affect the question?
The only material change which seems to have been made by statute on the subject is contained in the Code, page 832, chapter 207, section 8, which is in these words: “In a prosecution for an offence, committed upon or relating to or affecting real estate, or for stealing, embezzling, destroying, injuring or fraudulently receiving or concealing any personal estate, it shall be sufficient to prove that when the offence was committed, the actual or constructive possession, or a general or special property in the whole or any part of such estate, was in the person or community alleged in the indictment or other accusation to be the owner thereof.”
This statute was not intended to dispense, and does not dispense, with the necessity of stating in an indictment for larceny the name of the owner of the property stolen, nor to enable any person to be such owner who was not capable of being so at common law. Its only object was to get rid of the difficulties which often existed at common law in regard to the proper person to be stated as the owner of the property in an indictment for larceny or other offences against property. It therefore declares that in all such case, “it shall be sufficient to prove that when the offence was committed, the actual or constructive possession, or a general or special property in the whole or any part of such estate, was in the person or community alleged in the indictment or other accusation to be the owner thereof.” But the person named in the indictment as owner of the property must still, under the statute, as under the common law, be a person competent in law to be such owner.
*The court is therefore of opinion that the Circuit court erred in refusing to give the instruction asked for, and that for that cause the judgment must be reversed, the verdict set aside, and the cause remanded for a new trial to be had therein (unless a nolle prosequi should be entered, in which case a new indictment may be found); on which new trial, if there should be any evidence before the jury to prove that Mrs. Robert H. Montague named in the indictment was a married woman when the alleged larceny was committed, the Circuit court, if asked to do so by the prisoner or her counsel, shall instruct the jury that if they believe such evidence they ought to find a verdict of not guilty.
There was no direct proof before the former jury as to the value of the property; but it is unnecessary to decide whether that defect would have been fatal to the verdict, or whether the jury might not properly have inferred from the number and nature of the articles stolen that they were of the value of twenty dollars or more, as the defect can and no doubt will be supplied on the new trial.
The judgment is in these words:
It seems to the court here, for reasons stated in writing and filed with the record, that the Circuit court erred in refusing to give to the jury the instruction asked for by the counsel for the prisoner: Therefore (without deciding whether the defect in the evidence in not expressly showing that the value of the property alleged to have been stolen was twenty dollars or more is material, as that defect can be supplied on the future trial) it is considered that the judg-* ment aforesaid be reversed and annulled. And it is ordered that the verdict of the jury be set aside and the cause remanded to the said Circuit court for a new trial to be had therein (unless a nolle prosequi *should be entered; in which case a new indictment may be found) ; on which new trial, if there should be any evidence before the jury to prove that Mrs. Robert H. Montague named in the indictment, was a married woman when the alleged larceny was committed, the Circuit court,- if asked to do so by the prisoner or her counsel, shall instruct the jury that if *459 they believe such evidence the3' ought to find a verdict of not guilty: which is ordered to be certified to the said Circuit court.