### JOSEPH GRUBER *vs.* THE STATE.

#### January Term, 1869.

1. It is error to exclude from the jury evidence of the prisoner's insanity at the time of the commission of the offense, on the plea of not guilty.

2. If there is reasonable ground to doubt the sanity of the accused at the time of the trial, and, after a jury is impannelled, it is the duty of the court to suspend the trial and to impannel another jury to inquire into the fact of such sanity.

3. If such jury find the accused to be insane at the time of the trial, it shall then inquire as to his sanity at the time of committing the offense.

4. If such jury find the accused to be insane at the time the offense was committed, that fact is a good defense in bar of further prosecution.

5. If such jury find the accused sane at the time of the trial, then the trial in chief shall proceed.

6. If it is not suggested that the accused is insane at the time of the trial, and the jury impannelled for the trial of the cause be discharged, the prisoner is thereby wronged by being prevented from making his proper defense before the jury, and is entitled upon his motion to be discharged from further prosecution of the indictment.

Joseph Gruber was indicted in the circuit court of Ohio county, on the 6th day of October, 1868, for grand larceny, and on the 8th day of the same month was arraigned, and pleaded not guilty. A jury was elected, tried and sworn to well and truly try, and true deliverance make between the State and the prisoner.

After the jury was sworn, it appearing to the court that

there was question as to the sanity of the accused at the time of the commission of the offense, the court ordered that one of the jurors be withdrawn and the remainder from rendering a verdict be discharged.

A jury was thereupon impannelled to enquire whether or not the prisoner was, on the 17th of August, 1868, the time of the commission of the alleged offense, of sound mind, which jury found that the prisoner was, at the time aforesaid, of sound mind. The cause was continued until the next term of said court, when the prisoner by his counsel moved to be discharged from further prosecution of the indictment; which motion the court overruled. The accused then offered to file a special plea setting up the fact of the discharge of the jury, under the facts above stated, in bar of further prosecution of the indictment against him. This plea the court refused to allow him to file, and he thereupon excepted to the opinion of the court. Another jury was impannelled, and before it, and during the trial, the accused offered a witness who was a physician in good standing, to prove that the prisoner, at the time the alleged offense was committed, was insane. This evidence the court refused to allow to go before the jury, and the accused again excepted. The jury found the prisoner guilty, and fixed his term of confinement in the penitentiary at four years, and on this verdict the court pronounced sentence.

The defendant obtained a writ of error and supersedeas to this court.

*R. J. Russell* for the plaintiff in error.

The *Attorney General, Melvin,* for the State, who declined to argue the case.

MAXWELL, J. The petitioner, Joseph Gruber, was indicted in the circuit court of Ohio county, on the 6th day of October, 1868, for grand larceny, and on the 8th day of the same month was arraigned on the said indictment, to which he pleaded not guilty. A jury was then regularly elected, tried

and sworn to well and truly try and true deliverance make between the State and the prisoner.

It appears from the record, that after the jury was sworn, it appearing to the court that there was question as to the sanity of the party at the time of the commission of the offence alleged in the indictment, by order of the court one of the jurors was withdrawn, and the remainder of the jury from rendering a verdict were discharged.

A jury was thereupon immediately impannelled to inquire whether the said Gruber, the prisoner at the bar, was of sound mind or not on the 17th day of August, 1868; which jury found that the prisoner was sane on the said 17th day of August, 1868, the day on which it is alleged in the indictment the larceny was committed. The cause was then continued until the next term of said court, at which term the defendant, Gruber, by his counsel, moved to be discharged from further prosecution on the indictment aforesaid; but the court overruled the said motion, and refused to discharge the accused. The defendant then offered to file a special plea, setting up the fact of the discharge of the jury under the facts above stated, in bar of the further prosecution of the indictment against him; but the court refused to allow the plea to be filed, and the prisoner excepted. Another jury was then impannelled, which found the prisoner guilty, and ascertained the term of his confinement in the penitentiary at four years, on which verdict the court pronounced sentence.

On the trial of the case before the last named jury, the counsel for the defendant offered a witness, who was a physician in good standing, to prove that the prisoner was insane at the time the offence charged against him was committed; but the court refused to allow the evidence to go to the jury, and the prisoner again excepted to the opinion of the court.

It is claimed here that the prisoner was entitled to be tried by the first jury impannelled in the case, and that the court had no power to discharge that jury from finding a verdict.

It is unnecessary to examine the numerous and conflicting

cases reported to ascertain under what circumstances a court may discharge a jury in a criminal case. The Code of Virginia, edition of 1860, p. 836, sec. 12, provides, that "if a juror, after he is sworn, be unable from any cause to perform his duty, the court may in its discretion, cause another qualified juror to be sworn in his place. And in any criminal case the court may discharge the jury when it appears they cannot agree in a verdict, or that there is a manifest necessity for such a discharge." This section contains what seems to have been the sum and substance of the divisions of the courts before its enactment. *United States* vs. *Perez,* 9 Wheaton, 579; *Fell's case,* 9 Leigh, 613; *Williams' case,* 2 Gratt., 567.

The jury in the case under consideration, was not discharged because it could not agree, but because it appeared to the court that there was question as to the sanity of the party at the time of the commission of the offence alleged in the indictment. The question then is, was there a manifest necessity for the discharge of the jury according to the meaning of the law? What is a case of manifest necessity for the discharge of a jury depends upon the circumstances of the case in which the question is raised. If, for instance, it had been established in the case under consideration that the accused, after the jury was impannelled, had been discovered to be insane at the time of the trial, it would have been a case of necessity, and mercy to the accused, to have discharged the jury. But it was not even suggested that he was insane at the time of the trial. If there had been reasonable ground to doubt the sanity of the accused at the time of the trial after the jury was impannelled to try the indictment against him, it would have been the duty of the court merely to have suspended the trial and have impannelled another jury to inquire into the fact as to such sanity. And if it had been found that the accused was insane at the time of the trial, the jury impannelled on the question of the sanity of the accused should have inquired whether or not he was insane at the time of the alleged offence. But if the jury had found the accused to be sane at the time of

their verdict, then they could make no further inquiry, and the trial in chief should have proceeded. The jury in chief was discharged because it appeared to the court that there was question as to the sanity of the party at the time of the commission of the offence alleged in the indictment, and to try this question, the second jury was impannelled. If the accused was insane at the time the supposed offence was committed, the fact was a good defence in bar of the prosecution to excuse from liability to punishment upon the plea of not guilty. It seems to me, therefore, that there was no manifest necessity for the discharge of the jury, but on the other hand, that there was a manifest wrong to the accused in discharging it, because he was thereby prevented from making a defence before the jury, which he was entitled to make.

Because of the discharge of the first jury, contrary to law, it seems to me the accused could not be tried before another jury, but was entitled to his discharge.

The accused being entitled to his discharge, moved the court to discharge him, and upon the motion being overruled by the court, offered to file a special plea setting up the improper discharge of the first jury. This was a case in which the accused should have been discharged on his motion, because the record shows a continuous proceeding against him on but one indictment, and shows with certainty that the Joseph Gruber who made the motion to be discharged, is the same person who was indicted, arraigned, and who pleaded not guilty to the indictment, and the same person whom the jury was impannelled to try. If these things did not all appear from the record, it would have been necessary to have set them up by a special plea.

In this view of the case the question made on the exclusion of the evidence to prove insanity, offered to the jury which convicted the accused, is in no wise material to the case; but as it is made in the assignment of error, it is, perhaps, necessary to decide it.

If the accused was in fact insane at the time the supposed offence was committed by him, he is guilty of no offence,

and upon the fact appearing to the jury, it would have been its duty to have found him not guilty. It was, therefore, error in the court to exclude from the jury the evidence offered to prove the prisoner's insanity.

I am of the opinion that the judgment complained of will have to be reversed; and the court proceeding to enter such judgment as the court below ought to have entered, must discharge the accused upon his said motion, from all further proceedings under the indictment.

Berkshire, J., concurred.

JUDGMENT REVERSED, and prisoner discharged.