Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the Hustings court of the city of Richmond, convicting the plaintiff in error, Mahala Johnson, of grand larceny, and sentencing her to confinement in the penitentiary for five years. The offence for which she "was prosecuted is declared by the Code, chapter 192, section 14, as amended and reenacted, *first by the act passed February 20, 1866, Acts of 1865-6, p. 89, chap. 23, and again by the act passed March 1, 1867, acts of 1866-67, p. 709, chap. 283, which is in these words :
“§ 14. If any person steal from the person of another money or. other thing, of the value of five dollars or more, he shall be guilty of grand larceny, and be confined in the penitentiary for a period not less than five nor more than ten years.”
The indictment strictly pursued the terms of the statute, and was. good in form and substance. It charged the larceny of divers notes of the national currency of, the United States, .the same being United States treasury notes, the number and.denomination of which were to the grand . jurors unknown, for the payment of divers sums of money, in the whole amounting to the sum of six dollars, and of the value of six dollars; and divers other notes, &c. (describing them differently), the property and notes of one Alfred Jasper, the said sum of six dollars, &c., being then and there due and unsatisfied to the said Alfred Jasper, from the person and against the will of the said Alfred Jasper.
The jury found the accused guilty, and ascertained the term of her confinement in the penitentiary at five years. She moved the court to set aside the verdict and grant her a new trial, upon the ground that the verdict was contrary to the law and the evidence; which motion the court overruled; and she excepted to the opinion of the court.
The facts proved on the trial are certified in the bill of exceptions, and are as follows: “That Alfred Jasper was standing upon Cary street, in the city of Richmond, and was holding some money, six dollars, in his open hand, and was counting it, and that Mahala Johnson, the prisoner, came by and took the money out of his hand *and walked off; he asked her for it and several times begged her to return it to him as she walked off; that no force beyond what was necessary to withdraw the money was used; and that finding she would not return the money, and wishing to keep the peace, he went immediately to the station-house near by and got a warrant for her arrest, which was shortly afterwards executed upon the prisoner.”
The only error in the judgment assigned in the petition for a writ of error is, that, by the laws of Virginia, the offence of which the prisoner stands convicted cannot be considered larceny from the person. “For in this State” (she proceeds to say in her petition) “that offence is divided into two classes, viz: ‘privately stealing,’ and ‘open and violent assault, commonly called robbery. ’ And your petitioner is advised that the statute under which she was indicted was not designed for such cases as the one of which she was convicted, but for the cases of those commonly known as ‘pickpockets,’ who properly come under the first class mentioned, i. e., ‘privately stealing.’ ”
There is no such offence known to the law of Virginia as “private” stealing, from the person of another or otherwise. The law makes no distinction between private and public stealing, except that robbery must, of necessity, be committed publicly. But it is not pretended that the offence in this case was robbery, and therefore nothing further need be said here as to the nature of that crime. There is nothing in our law on the subject of “pickpockets.” The ’aw on which this prosecution is founded uses plain language: "If any person steal from the person of another money or other thing," &c. The charge here is in the very words of the statute, of stealing ‘ ‘from the person of another,” and the proof corresponds literally with this charge in regard to stealing from the person of *another. It is, that money to the amount and value of six dollars, belonging to the pros *195 ecutor, and in his hands, was, by the prisoner, taken therefrom and carried away. Whether she did it animo furandi or not was a question which belonged to the jury, and they decided it against the prisoner, and the court below refused to set aside their verdict.
There is a similar statute to ours in Massachusetts against “stealing from the person of another,” from which, probably, our statute was taken, in defining the offence. That statute was construed by the Supreme court of that State in the Commonwealth v. Dimond, 3 Cush. R., 235, in which it was held, that “to constitute the offence of larceny ‘by stealing from the person,’ within the Rev. Sts., c. 126, § 16, it is not necessary that the taking should be either openly or violently, or privily and fraudulently; but if it be with the knowledge, though without the dissent or resistance of the owner, the offence is equally committed, provided the taking be with an intention, on the part of the offender, to deprive the owner of his property.” Shaw, C. J., delivered the opinion of the court in that case, in which “it was argued that the act of the defendant, although admitted to be a larceny, is not a stealing from the person, within the meaning of the statute, and that, to make it a stealing from the person, it must either be done openly and against the consent of the party, or privily and without his knowledge. But it must be considered, ” said the Chief Justice, “that the law is somewhat altered in terms in the revised statutes, from the pre-existing law in the statute of 1804, c. 143, § 8, in which the words are: ‘larceny from the person of another, either openly and violently, or privily a nd fraudulently, ’ implying that the act must be the one or the other. The language of the Revised Statutes, c. 126, § 16, is simply: ‘larceny by stealing from the person *of another. ’ The case is within the letter of the present statute, and the court are of opinion that it is equally within its spirit and purpose.”
That case goes further than ours in support of the view which we have presented; for there the old statute on the subject had been different in its terms, and it was argued that while the terms were altered the substance was not intended to be changed. If this case had occurred under the Massachusetts law no question would have been raised as to its coming within the statute, as the offence here was committed openly and against the consent of the party. The great question in that case was, whether the act could be said to be done against the consent of the owner, when the evidence only was that he did not express any assent or dissent.
But this very question has already, in effect, been decided by this court, in refusing a writ of error to a judgment which was rendered by the Corporation court for the city of Lynchburg on the 12th day of April 1873, in the case of the Commonwealth against Hardwicke. The accused in that' case was indicted under the statute in question for grand larceny in stealing a five-dollar note, the property of John Brooks, from the person of the said John Brooks, and was found guilty. A motion was made to set aside the verdict and grant a new trial; which was overruled, and a bill of exceptions was taken to the opinion of the court. It appeared from the facts proved on the trial, which were certified in the bill, that while the said Brooks was holding in his hand a five-dollar note which he was showing to the accused, the latter seized it and ran off with it; that the said Birookd pursued the prisoner, and with the aid of a policeman, whom he happened to meet in the street, he captured the accused and re-covered the money. The accused applied *to this court for a writ of error to the judgment; and the principal error assigned in his petition was, that the offence proved was not such -a one as the statute contemplated, it being contended that the statute was intended to apply only to pickpockets or to those who steal from the person of another secretly. But this court unanimously refused to grant a writ of error in the case.
If, therefore, the error assigned in the petition were the only ground for reversing the judgment we would have to affirm it. But, after this case had been submitted to the decision of the court upon the petition, the counsel for the plaintiff in error appeared in court, and in the presence of the attorney-general, assigned, ore tenus, an additional error in the judgment, viz: that the subject charged in the indictment to have been stolen consists of United States treasury notes and National Bank notes, whereas the subject stolen, as described in the certificate of facts contained in the bill of exceptions, was money, six dollars; it not appearing from the said certificate that-the said money was such money as is described in the indictment; and, therefore, the jury were not warranted by the facts proved in finding a verdict against the prisoner. We have considered this additional assignment of error, and think it ought to be sustained. It is very probable that the money referred to in the certificate of facts was not specie, but consisted of such notes as are described in the indictment; and that the omission to certify that fact proceeded from a mere oversight, arising from an idea of the court that the only object of the prisoner in taking the bill of exceptions was to bring up to this court for decision the question presented by the petition for a writ of error. However that may be, the bill of exceptions purports to contain a certificate of all the facts proved on the trial; and we can look only to *that certificate to ascertain what facts were so proved. Looking to that certificate for the facts, it does not appear that the offence proved by the evidence was the same offence charged in the indictment.
We are therefore of opinion that upon that ground the court below ought to have set aside the verdict and granted a new trial, and that for not having done so the *196 judgment is erroneous and ought to be reversed, the verdict set aside, and the cause remanded for a new trial to lie had therein.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that to constitute the offence of grand larceny in stealing from the person of another money or other thing of the value of five dollars or more, created by the Code, chapter 192, section 14, as amended and re-enacted, first by the act passed February 20, 1866 (Acts of 1865-6, p. 89, chap. 23), and again by act passed March 1, 1867 (Acts of 1866-7, p. 709, chap. 283), it is not necessary that the thing shall be stolen privately. But the court is further of opinion that as it does not appear from the facts certified in the bill of exceptions, that the subject proved to have been stolen by the plaintiff in error from the person of another in this case consisted of United States treasury notes or national bank notes, which are the subject charged in the indictment to have been stolen, there is an apparent variance between the allegata and the probata, and the judgment is, on that ground, erroneous. Therefore it is considered that the same be reversed and annulled; and it is ordered that the verdict of the jury be set aside and the cause remanded for a new trial to be had therein.
*Which is ordered to be certified- to the said Hustings court of the city of Richmond.
Judgment reversed.
LARCENY.
I. Jurisdiction.
II. Form of Indictment.
III. Táking and Asportation.
IV. -Kind of Property.
V. Owner.
VI. Evidence.
VII. Verdict.
VIII. Punishment.
IX. Appeal.
I. JURISDICTION.
Habeas Corpus.—A free negro or mulatto sentenced to the penitentiary by a court of oyer and terminer for the larceny of $20 is illegally detained and may be discharged under a writ of habeas corpus. According to the act passed the 15th of March 1832, the court had no jurisdiction to make such sentence. Cropper v. Com., 2 Rob. 842.
Offence Committed Outside the Commonwealth.— Under act of 1786, re-enacted in 1792, a prisoner was indicted, tried and convicted of feloniously stealing the horse of another citizen of this commonwealth, in a place beyond the limits of the same. Com. v. Gaines, 2 Va. Cas. 172.
Offence Committed in Another County.—All the writers at common law, lay it down, that, if goods be stolen in one county, and carried into another, the offender may be indicted in either, because the offence is complete in both. Com. v. Cousins, 2 Leigh 708.
Offence in Another Country.—Where goods were stolen in one country and brought by the thief into another country, the latter country, by the English common law, and in the absence of statute, has no jurisdiction. Va. Code 1887, § 3890; Strouther v. Com., 92 Va. 789, 22 S. E. Rep. 852.
Time of Examining Trial.—The requirement of five days between the commitment of the magistrate and the sitting of the examining courtis satisfied by five intervening days including one of these days and excluding the other. Both days need not be excluded. And it is immaterial that one of these days is Sunday. Thompson v. Com., 2 Va. Cas. 135; Boyd v. Com., 1 Rob. 691.
Allegation of Jurisdiction.—It is error for the circuit court to refuse to set aside the verdict of the jury when there is no evidence in the record showing the offense was committed within its jurisdiction. Hoover v. State, 1 W. Va. 336; Va. Code 1887, § 3999; W. Va. Code 1899, ch. 158, § 10.
Jurisdiction of Corporation Courts.—Corporation courts, in cities or towns containing a population of five thousand, have the same jurisdiction, by act of assembly approved April 2, 1870, to try offences committed within their respective limits, that either the circuit or county courts have to try offences within their jurisdiction. Nor was this power taken away by act of April 2, 1873, to regulate jurisdiction of county and circuit courts. Dull v. Com., 25 Gratt. 965-86. (1875.)
Under 1 Rev. Code, p. 246, ch. 71, § 7, a county or corporation court had no jurisdiction to try an indictment for petit larceny which alleged a previous conviction for a similar offence. Rider v. Com., 16 Gratt. 499.
Jurisdiction of Mayors.—The mayor of Lynchburg by § 1, of the act of March 30, 1871, has concurrent jurisdiction with the corporation court of all petit larcenies, and a sentence by him of the prisoner for petit larceny is sufficient, on a second trial for a similar offence, to bring the accused within the penalty of ch. 199, § 27, of Va. Code 1849; Thomas v. Com., 22 Gratt. 912; Va. Code. 1887, § 3907; Miller v. Com., 88 Va. 618, 14 S. E. Rep. 161; Brown v. Epps, 91 Va. 726, 21 S. E. Rep. 119; Wolverton v. Com., 75 Va. 909.
Jurisdiction of Circuit Court.—A free negro was convicted of grand larceny in the corporation court under statute of 1831-2, ch. 22. Held, a writ of error does not lie to that court from the circuit superior court. Anderson v. Com., 5 Leigh 803 [740].
II. FORM OF INDICTMENT.
Idem Sonans.—Whether or not two or more names are idem sonans, may be determined by the court upon amere comparison, where the issue is free from doubt; but the modem and approved practice is to submit the question to a jury wherever there is doubt on the question. In this case “Bolen” was held idem sonans with “Bolden." Pitsnogle v. Com., 91 Va. 808, 22 S. E. Rep. 351.
Consent.—An indictment for taking and removing a slave from one county to another, with intent to defraud the owner,should state thatsuch taking and removing was without the consent of the owner. Com. v. Peas, 2 Gratt. 629.
Misjoinder.—It is not error on an indictment for larceny, to state the incidental circumstances of the crime in various ways to meet the varying phases of proof. Nor will the court in such case compel the prosecutor to elect a single count on which to try the prisoner. Dowdy v. Com., 9 Gratt. 727; Hausenfluck v. Com., 85 Va. 702, 8 S. E. Rep. 683; Anthony v. Com., 88 Va. 847, 14 S. E. Rep. 834.
*197 Obtaining money or other property by false pretences with intent to defraud is made larceny by statute, if the property so obtained may be the subject of larceny: and it is. therefore, not misjoinder to add such a count to a count for simple larceny. Anthony v. Com., 88 Va. 847, 14 S. E. Rep. 834.
Where several articles of property are stolen at the same time and place, though the stolen goods belong to different persons, the stealing is regarded as one transaction, and, therefore, as one offence which may be charged in a single count. Alexander v. Com., 90 Va. 809. 20 S. E. Rep. 782.
It was not misjoinder for an indictment to charge in one count a conspiracy to commit larceny and in another count charge the larceny in accordance with the conspiracy. Anthony v. Com., 88 Va. 847, 14 S. E. Rep. 834.
Conclusion of Indictment. — Where the statute neither creates the offence, nor adds a new penalty, but only takes away some benefit which the common law allowed the prisoner the indictment need not conclude “contra formam statuti." Certainly such omission is cured after verdict by the statute of jeofails. Chiles v. Com., 2 Va. Cas. 260; Va. Code 1887, § 3999; Va. Const., art. VI, § 26; W. Va. Const., art. II. § 8; Lemons v. State. 4 W. Va. 755.
Where the statute makes that an offence was not so at common law, the indictment therefor must conclude as prescribed by the statute. Com. v. Hays, 1 Va. Cas. 122.
False Pretences.— An indictment for obtaining money under false pretences, which by Va. Code 1860. p. 796, § 49 (Va. Code 1887, § 3722) is made larceny, may either be for larceny generally, or for the specific acts which this statute says shall be deemed larceny. Leftwich v. Com., 20 Gratt. 716; Duff v. Com., 92 Va. 769, 23 S. E. Rep. 643; Dull v. Com., 25 Gratt. 965-982; Anable v. Com., 24 Gratt. 578.
Removal of Goods Distrained.—An indictment for fraudulently removing goods which have been levied on or distrained, which by Va. Code 1887, § 3712, is made larceny, may either be for larceny generally or in terms of the statute or language equivalent thereto. Duff v. Com., 92 Va. 769, 23 S. E. Rep. 643.
Offence Felonious.-Where a felony is charged the indictment should state that the offence was committed feloniously. Barker v. Com., 2 Va. Cas. 122; Dull v. Com., 25 Gratt. 965: State v. Vest, 21 W. Va. 796.
Description of Property.—In an indictment under the statute making writings and papers of value the subject of larceny, a description of the papers by the name and designation by which they are usually known, and which properly avers the value thereof, is sufficient. Fredrick v. State, 3 W. Va. 695; Pollard's Supp. 1900, § 3994.
A description of bank notes which merely states that they were bank notes current within the United States, was held sufficient. Com. v. Moseley, 2 Va. Cas. 154.
But an indictment for obtaining “United States currency” by false pretences is not sufficient. There is no law making the stealing of “United States currency,” eo nomine, larceny. Such an indictment is too vague. Leftwich v. Com., 20 Gratt. 716.
Under act Feb. 28, 1874, amending § 6 ch. 201, of Code of 1873, an indictment charging the larceny of “United States currency” is sufficient. Dull v. Com., 25 Gratt. 965-974; Va. Code 1887, § 3994.
In an indictment for stealing certain notes “purporting on their faces to be, and being notes of banks chartered, etc..” held. the words “and being notes of banks chartered” may be rejected as surplusage, and no proof of such charter is necessary. Pomeroy v. Com., 2 Va. Cas. 342.
A charge of larceny of certain paper, of the value of one hundred and ten dollars, without further description thereof is too indefinite. Robinson v. Com., 32 Gratt. 866.
Value.—Under the statute making bank notes the subject of larceny no value need be shown. The statute now provides that they shall be deemed to be of the value expressed on their face. Adams v. Com., 23 Gratt. 949; Whalen v. Com., 90 Va. 544, 19 S. E. Rep. 182; Va. Code 1887, § 3709.
Tire indictment need not state that the check alleged to have been stolen, remained unsatisfied or unpaid. Whalen v. Com., 90 Va. 544, 19 S. E. Rep. 182.
The substitution of the word “price” for “value” is not fatal to an indictment for larceny. The object of stating the value is merely to determine the grade of the offence, and either is sufficient to give the accused notice of the charge preferred against him State v. Sparks, 30 W. Va. 101, 3 S. E. Rep. 40.
III. TAKING AND ASPORTATION.
In any simple larceny there must be a felonious and complete severance of the property from the possession of the owner thereof, and the thief must have had, at least for an instant of time, complete and absolute control and possession of the stolen property; but where the property has been feloniously taken, the slightest removal, even if it be but a hair’s breadth, with intent to steal the same, is sufficient. State v. Chambers, 22 W. Va. 799; Whalen v. Com., 90 Va. 544, 19 S. E. Rep. 182; Wolverton v. Com., 75 Va. 909; Barker v. Com., 2 Va. Cas. 122.
If by fraud or device the owner (not intending to part with his right) be induced to place his property in the hands of another, who acquires possession with a felonious intent to convert it to his own use, the “taking” and trespass are such as are required to complete the offence of larceny. Vaughn v. Com., 10 Gratt. 762; Starkie v. Com., 7 Leigh 752; Walker v. Com., 8 Leigh 743; Johnson v. Com., 24 Gratt. 555. See dissenting opinion in Anable v. Com., 24 Gratt. 563.
It must be shown that the original taking was felonious, but the jury has a right to infer from all the facts and circumstances of the case, the felonious intent in the original taking. Tanner v. Com., 14 Gratt. 635; Booth v. Com., 4 Gratt. 526; Blunt v. Com., 4 Leigh 689; Hall v. Com., 78 Va. 678; Perrin v. Com., 87 Va. 554, 13 S. E. Rep. 76; Dull v. Com., 25 Gratt. 965; Richards v. Com., 13 Gratt. 803; Shinn v. Com., 32 Gratt. 899.
IV. KIND OF PROPERTY.
Goods Lost.—The finder of lost property who, knowing or having reason to know the true owner, appropriates it to his own use is guilty of the larceny thereof. Tanner v. Com., 14 Gratt. 635; Perrin v. Com., 87 Va. 554, 13 S. E. Rep. 76.
Bond. —An obligor who obtains possession of his bond by fraud Uteri causa, is guilty of the larceny thereof. And it is no defence that he did not know that his act amounted to larceny. Vaughn v. Com., 10 Gratt. 758.
Bank Notes.—Under the act of 1806, a prosecution maybe had for stealing bank notes of another State. The passing of the note as genuine is prima facie evidence that the note is of some value. Robinson v. Com., 32 Gratt. 866; Cummings v. Com., 2 Va. Cas. 128; Com. v. Moseley, 2 Va. Cas. 154; Angel v. Com., 2 *198 Va. Cas. 228; Pomeroy v. Com., 2 Va. Cas. 342; Moore v. Com., 2 Leigh 761 [702]; Leftwich v. Com., 20 Gratt. 716; Adams v. Com., 23 Gratt. 949; Va. Code 1887, § 3708.
Kind of Property.—Checks, kept and used for gambling contrary to the statute, can be the subject of larceny. To hold otherwise would be to run the hazard of encouraging larceny by discouraging gaming. Bales v. State, 3 W. Va. 685.
In Davenport v. Com., 1 Leigh 588, it was held that a slave was a subject of larceny. Va. Code 1887, § 3713. See Va. Code 1887. §§ 3710, 3711, 3713, 3717, 3718, and 3719.
V. OWNER.
The record of the emminino court need not show that the goods stolen were the property of any person. An indictment should, however, give the name of the owner or átate that the goods belong to a person or persons to the jurors unknown; and a statement defective in this respect is not cured by the statute of jeofails. Halkem v. Com., 2 Va. Cas. 4; Mabry v. Com., 2 Va. Cas. 396; Barker v. Com., 2 Va. Cas. 122; Dowdy v. Com., 9 Gratt. 727; Com. v. Moseley, 2 Va. Cas. 154.
Allegata and Probata.—If the indictment state the narhe of the owner, the proof at the trial must show the property stolen was the property of that person. Jones v. Com., 17 Gratt. 563; Kobinson v. Com., 32 Gratt. 866.
Harried Woman.—An indictment for larceny should not allege ownership in a married woman, but goods in her possession should be laid as the goods of her husband. Hughes v. Com., 17 Gratt. 565. See Va. Code, 1887, ch. 103.
Possession.—The indictment need not aver that the property was taken from the possession of the owner, or from the possession of any other person. Thompson v. Com., 2 Va. Cas. 135; Angel v. Com., 2 Va. Cas. 228.
An indictment for the larceny of a slave, of the goods and chattels of E. E. and out of the possession .of the said E. E. was held not sufficient, it appearing that the slave was hired to B and at the time of the larceny in the actual possession of B. Com. v. Williams, 1 Va. Cas. 14.
Capacity of Owner.—On an indictment for larceny of property belonging to the President, Director and Go. of the Farmers’ of Virginia, the court, after verdict, is bound to presume, that on the trial the capacity of this company to hold property i. e., the corporate existence, was proved to the jury, or admitted by the prisoner. Lithgow v. Com., 2 Va.Cas. 297.
Evidence of Ownership.—Upon an indictment for stealing a horse, it is entirely competent for the commonwealth to establish the ownership of the animal by the son in the absence of the father from the state. Taylor v. Com., 77 Va. 692.
West Virginia Rule.—In a prosecution for stealing any personal estate it shall be sufficient to prove that when the offence was committed, the actual or constructive possession in whole, or any part of such estate was in the person alleged in the indictment to be the owner thereof. State v. Chambers, 22 W. Va. 784; Va. Code 1887, § 3996; State v. Heaton, 23 W. Va. 781; Richards v. Com., 13 Gratt. 803.
Injury to Owner.—A having $1,649 to his credit, draws warrants for an amount exceeding that sum. Warrants are paid in the order of registry. Awas indicted for larceny of a check given in payment of one of the warrants. Held, since there was sufficient money to A’s credit to pay. that warrant and all registered before it, that A could not be convicted of the larceny charged. Anable v. Com., 24 Gratt. 563,
VI. EVIDENCE.
Other Offences.—On indictment for stealing a watch, proof of the theft of a clock is inadmissible. To allow it would suffer the prisoner to be taken by surprise and would tend to prejudice the jury against him. Walker v. Com., 1 Leigh 574; Robinson v. Com., 32 Gratt. 866.
Res Gestas.—On indictment for larceny the commonwealth may prove the presence of the prisoner in the hotel on the night in question, and his acts and conduct therein, not for the purpose of establishing another distinct felony, but as a part of the whole transaction. Burr v. Com., 4 Gratt. 534.
Proof of Receiving Stolen Goods.—Under Va. Code 1886, p. 789, § 20 (Va. Code 1887, § 3714) an indictment charging the prisoner with receiving a horse, knowing it to have been feloniously stolen, is sufficient to sustain a conviction for the larceny of said animal. Price v. Com., 21 Gratt. 846; Hey v. Com., 32 Gratt. 946; See Va. Code 1887, §§ 3402, 3712; Pollard’s Supp., §§ 3715, 3719a.
In Rutherford v. Com., 2 Va. Cas. 141, it was held that a bank note was not “goods” within the meaning of the act of 1792 against receiving stolen goods. Va. Code 1887, § 3714; Pollard’s Supp. 1900, § 3714a.
Proof of Embezzlement.—An indictment for larceny is sustained by proof of embezzlement. Pitsnogle v. Com., 91 Va. 808, 22 S. E. Rep. 351; Va. Code 1887, § 3716; Shinn v. Com., 32 Gratt. 899, and note.
One who draws a check on another, with the intention of using the same for his own purpose, and not for the liquidation of the latter’s indebtedness, though probably with the intent to return the same at some future day is guilty of embezzlement of the funds obtained by said check. Shinn v. Com., 32 Gratt. 899.
Proof of False Pretences.—An indictment for larceny is sustained by proof that accused obtained the money by false pretences. Anable v. Com., 24 Gratt. 563; Trogdon v. Com., 31 Gratt. 862, and note; Leftwich v. Com., 20 Gratt. 716; Fay v. Com., 28 Gratt. 912; State v. Halida, 28 W. Va. 499; Va. Code, 1887, § 3722; Anthony v. Com., 88 Va. 847, 14 S. E. Rep. 834.
Insanity.—On indictment for larceny the plea of “not guilty” puts the prisoner’s sanity in issue. If at the time of the trial there is reasonable ground to doubt the prisoner’s sanity the trial should be suspended until this question is determined. Gruber v. State, 3 W. Va. 699; Va. Code 1887, § 4031; W. Va. Code 1899, ch. 159, p. 1020.
Possession of Evidence.—The mere possession of goods which had been actually lost does not furnish any conclusive or prima facie proof of guilt; of itself it does not raise the suspicion of guilt. Hunt v. Com., 13 Gratt. 757; Tanner v. Com., 14 Gratt. 635; Perrin v. Com., 87 Va. 554, 13 S. E. Rep. 76.
Exclusive possession of goods recently stolen raises a presumption that the one in possession is the thief. What possession is such recent possession is a question for the jury. Price v. Com., 21 Gratt. 846; Porterfield v. Com., 91 Va. 801, 22 S. E. Rep. 352; Taliaferro v. Com., 77 Va. 411. See contra, State v. Heaton, 23 W. Va. 773; State v. Reece, 27 W. Va. 379.
As to presumption in case of compound larceny, see monographic note on “Burglary” appended to Clarke v. Com., 25 Gratt. 908.
VII. VERDICT.
Surplusage.—In Harvey v. Com., 23 Gratt. 941, the jury, though not authorized so to do, fixed the punishment *199 of the prisoner. The court sentenced Mm accordingly, field, the jury’s act was mere surplus-age, the imprisonment being the act of the court. House v. Com., 8 Leigh 755.
General Verdict.—A general verdict on an indictment for a misdemeanor Is not a conviction of a felony though the offence is charged to have been done “feloniously.” The word “feloniously” in such case is only used to characterize the intent with which the taking and carrying away were done. Wolverton v. Com., 75 Va. 909.
If one of three subjects mentioned in an indictment, might be the subject of larceny, judgment will not be arrested. Harvey v. Com., 23 Gratt. 941.
Former Conviction of Similar Offence.—One count of an indictment charges larceny; the other count charges larceny after a former conviction of a similar offence. A verdict of guilty on both counts will not be disturbed. Stroup v. Com., 1 Rob. 754.
On indictment the prisoner was charged in one count with petit larceny; in another count with petit larceny after a previous conviction of the same offence. The jury found her guilty on both counts and fixed the punishment at five years in the penitentiary. Held, the verdict was not open to objection. Stroup v. Com., 1 Rob. 754: Va. Code, 1887, §§ 3905, 3907; Stover v. Com., 93 Va. 780, 23 S. E. Rep. 874.
Conviction of Lower Offence.—A conviction of petit larceny on an indictment for grand larceny is sufficient though the verdict does not ascertain what goods were stolen nor the value of said goods. Poindexter v. Com., 6 Rand. 667.
VIII. PUNISHHENT.
Grade of Offence.—When the evidence shows larceny of goods (not from the person) whose aggregate value is less than fifty dollars the offence is not a felony. Alexander v. Com., 90 Va. 809, 20 S. E. Rep. 782; Benton v. Com., 89 Va. 570, 16 S. E. Rep. 725.
Punishment for Horse Stealing.—Under acts of 1865-6, p. 88, the minimum punishment for horse stealing was five years. The jury found accused guilty of that offence and fixed his punishment at confinement for three years. In such case, on reversal of the judgment, the prisoner will not be discharged, but remanded for a new trial. Jones v. Com., 20 Gratt. 848.
The act of 1819, 1 Rev. Code, ch. 152, p. 575, in relation to horse stealing was repealed by the act of March 14th, 1848. ch. 4. § 15. Lanthrop v. Com., 6 Gratt. 671; Va. Code 1887, § 3707; Pollard’s Supp. 1900, § 3707.
Punishment of Negro for Grand Larceny.—The act of February 2, 1873, ch. 32. § 3, provided that the punishment for grand larceny, in the case of a free negro or mulatto, should be that the prisoner receive stripes in the discretion of the jury and be sold into slavery. The said act was held not contrary to the constitution of the state. Com. v. Shelton, 2 Va. Cas. 384; Aldridge v. Com., 2 Va. Cas. 447.
Punishment for Two Offences.—A count for larceny may be added to a count for housebreaking with intent to steal, and in such case the jury may find the prisoner guilty on both counts and fix a several punishment for each offense. Speers v. Com., 17 Gratt. 570. See monographic note on “Burglary.” See monographic note on “Autrefois Acquit” appended to Page v. Com., 26 Gratt. 943; monographic note on “Continuances” appended to Harman v. Howe, 27 Gratt. 676, and Va. Code 1887, § 3889.
IX. APPEAL.
By acts 1870-71, p. 362, one tried by a justice of the peace, for petit larceny, and convicted, has an absolute right of appeal to the county court. And such person is entitled to a trial by jury. Read v. Com., 24 Gratt. 618.
In a criminal case, a writ of error lies only where there has been a conviction of a felony or misdemeanor in a circuit court, or where a conviction had in an inferior court has been affirmed by the circuit court. State v. Daugherty, 39 W. Va. 470, 19 S. E. Rep. 872; W. Va. Code 1899, ch. 159, § 7, p. 1019; Va. Code 1887, § 4026.