STATE OF WEST VIRGINIA *v.* O. C. LITTLE

(No. 8730)

Submitted May 18, 1938.    Decided June 7, 1938.

*B. T. Clayton* and *R. Dennis Steed,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Upon an indictment for a felony, O. C. Little pleaded not guilty and a jury was sworn to try him. Before evidence was taken, the noon hour having arrived, the state's witnesses were excused until 1:30 P. M. At that hour they did not return. Their absence continuing until 2 P. M., the prosecuting attorney moved that a juror be withdrawn and a mistrial declared. The accused objected. The court sustained the motion for the reason as shown by the record, that " * * * the court officers have not been advised as to whether these witnesses will return today, or at any other time, or what is delaying their attendance." At a subsequent term the accused was again arraigned. He pleaded former jeopardy; his plea was overruled; he was then tried, convicted and sentenced.

The Constitution, Article 3, Section 5, declares "No person shall be * * * twice put in jeopardy of life or liberty for the same offense." When an accused pleads not guilty to a valid indictment and a jury is sworn to try the issue thereby raised, jeopardy begins. 1 Bishop Cr. Law (9th Ed.), sec. 1014. However, Code, 62-3-7 provides " * * * in any criminal case the court may discharge the jury, when it appears that they cannot agree on a verdict or that there is manifest necessity for such discharge." If a jury, without rendering a verdict, is discharged in conformity with the statute, jeopardy is set at naught. *State* v. *Shelton,* 116 W. Va. 75, 81, 178

S. E. 633. The word "manifest" has been defined "To put beyond question or doubt." *Russell* v. *State*, 71 Fla. 236, 71 So. 27, 28. "That is manifest which is clearly evident", says Webster's Dictionary (New Int. 2d). The "manifest necessity" permitting the discharge of a jury, without rendering a verdict, has not been abstractly defined. The exigency may arise from various circumstances. *Gruber* v. *State*, 3 W. Va. 699, 702. Whatever the circumstances, they must be forceful to meet the statutory prescription. This power to discharge is discretionary with the trial court; but the power "is a delicate and highly important trust" and must be exercised soundly, else the discharge will become in effect an acquittal of the accused under the constitution. *State* v. *Pool*, 4 Lea (Tenn.) 363, 367; *Hines* v. *State*, 24 Ohio St. 134.

The putative necessity here was inability to try the case at 2 P. M. because of absent witnesses. The fact that the trial could not proceed at that hour is not shown to have been of great moment. No reason appears why the jury could not have been committed to the custody of the sheriff, and other court work undertaken, until the court officers could have made a reasonable effort to locate the witnesses. The fact that the officers had not been "advised" of the intentions of the witnesses or the cause of their absence did not alone preclude reasonable expectation that the witnesses might be apprehended. Due to the rapidity of modern communication and transportation, the time required for such an effort should not have been many hours. And until it should have appeared that such official diligence had been fairly exercised, and that the witnesses could not have been brought into court within a reasonable time, it was not *clearly evident and beyond doubt* that a timely trial could not be had. The state suggests that if the absent witnesses could have been readily located, the accused should have shown so. The state having made the motion to discharge the jury and the accused having objected, the state had

the burden of justifying the discharge, not he of refuting it. The state did not carry the burden.

The final judgment against the accused and the ruling on his plea of jeopardy are both reversed, and such order will be entered here as the trial court should have entered.

*Reversed and rendered.*