## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0190** (Kanawha County 11-F-125)

**Tamara L. Morton,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Tamara L. Morton, by counsel Brian Blickenstaff, appeals the Circuit Court of Kanawha County's sentencing order entered on November 11, 2011. The State of West Virginia, by counsel Scott Johnson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted and convicted of attempt to commit a felony, to wit, transferring stolen property and placed on probation for three years. Prior to trial, petitioner filed a motion to suppress evidence seized as a result of the execution of a search warrant on her home. Petitioner argues the affidavit accompanying the application for the search warrant was fatally flawed. Petitioner argues the affidavit contained conclusory and hearsay statements and that the magistrate could not judge the informant's credibility and veracity because her criminal history was not attached with the application, and there was no attempt to corroborate the information. The State argues the affidavit includes facts and background information made directly to the affiant and that it was impossible to corroborate the statements because the search warrant was the very thing needed to corroborate the information. The State argues that the informant was a concerned citizen, not a police informant, thus her statement was presumed reliable.

This Court has previously held that:

> Under the Fourth Amendment to the United States Constitution and Article III, Section 6 of the West Virginia Constitution, the validity of an affidavit for a search warrant is to be judged by the totality of the information contained in it. Under this rule, a conclusory affidavit is not acceptable nor is an affidavit based on hearsay acceptable unless there is a substantial basis for crediting the hearsay set out in the affidavit which can include the corroborative efforts of police officers.

1

Syl. Pt. 4, *State v. Adkins*, 176 W.Va. 613, 346 S.E.2d 762 (1986). Moreover, this Court has stated, "[w]here the issue on appeal from the circuit court is clearly a question of law . . . we apply a de novo standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Finally, "a circuit court's interpretation of the West Virginia Constitution is reviewed de novo." Syl. Pt. 1, *Leon v. Greenbrier County Board of Education*, 199 W.Va. 400, 484 S.E.2d 909 (1996). Upon a review of record, this Court finds that the information was sufficient to issue the search warrant.

Petitioner also argues that the testimony regarding the telephone conversation of December 18, 2010, should have been excluded because it was not properly authenticated and lacked proper foundation pursuant to Rule 901 of the West Virginia Rules of Evidence. Petitioner argues that a statement of her identity by the party called, standing alone, is generally insufficient proof of identity unless it is corroborated. The State argues this issue is waived because the petitioner's brief fails to cite to the appendix record where the motion was made and has failed to alert this Court that plain error is asserted.

We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Because petitioner failed to raise this issue below, the Court declines to address the same here.

Finally, the petitioner argues the circuit court erred in denying her motion for a mistrial based on witness tampering. Petitioner argues that a single witness's testimony was unduly influenced, coached, and tampered with by the State. Petitioner argues the testimony should have been stricken from the record because it was material evidence that affected her credibility. The witness testified that the State did not tell her not to talk about drug activity after the State disclosed it had instructed the witness not to talk about it.[1] The State argues the exchange that petitioner relies upon was made in open court and in front of the jury, thus there was no suppressed evidence. The State adds that petitioner's trial counsel had the opportunity to explore the issue because he opened the door regarding drug activity.

This Court has stated as follows:

> The decision to declare a mistrial, discharge the jury and order a new trial in a criminal case is a matter within the sound discretion of the trial court. *State v. Craft,* 131 W.Va. 195, 47 S.E.2d 681 (1948). A trial court is empowered to exercise this discretion only when there is a "manifest necessity" for discharging the jury before it has rendered its verdict. W.Va.Code § 62-3-7 (1977 Replacement Vol.). This power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without

---

[1] At trial, the State argued that it instructed the witness not to bring up methamphetamine or a methamphetamine lab in terms of direct examination, not to refuse to answer questions, because the State did not give proper 404(b) notice.

rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy. *See State ex rel. Brooks v. Worrell*, 156 W.Va. 8, 190 S.E.2d 474 (1972); *State ex rel. Dandy v. Thompson*, 148 W.Va. 263, 134 S.E.2d 730, *cert. denied*, 379 U.S. 819, 85 S.Ct. 39, 13 L.Ed.2d 30 (1964); *State v. Little*, 120 W.Va. 213, 197 S.E. 626 (1938).

*State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983). Upon our review of the record, the Court finds that the circuit court did not abuse its discretion in this matter.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3