**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1495** (Ohio County 11-F-77)

**Robert L. Paige,**
**Defendant Below, Petitioner**

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Robert Paige, by counsel Peter Kurelac III,[1] appeals the Circuit Court of Ohio County's "Commitment Order", wherein he was convicted of one count of second degree sexual assault and one count of third degree sexual assault by order entered on September 21, 2011. The State of West Virginia, by counsel Laura Young, has filed its response and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, petitioner was indicted on one count of second degree sexual assault and one count of third degree sexual assault. Following a three-day trial, petitioner was convicted on both counts. Petitioner was sentenced to consecutive sentences for a term of incarceration of ten to twenty-five years for second degree sexual assault and one to five years for third degree sexual assault. Petitioner was also sentenced to fifty years of supervised release.

On appeal, petitioner alleges that the circuit court committed plain error in failing to declare a mistrial subsequent to the alleged victim's courtroom outburst that unduly influenced the jury and created irreversible bias against the petitioner. Petitioner argues that it is impossible to gauge what effect the victim's outburst may have had on the jury without polling them. Petitioner argues that the victim's testimony, in which she identified petitioner by his nickname, was coached because the victim was "mentally defective," her IQ was in the lowest percentile of the general population, and she never identified petitioner prior to her testimony. Moreover, petitioner's nickname only appears on internal police documents and she repeatedly used his nickname. Petitioner argues that the victim's testimony was coached because prior to her direct

---

[1] Counsel filed his brief pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967).

1

testimony, the victim never identified petitioner by name or nickname. Petitioner states that if the victim identified petitioner by his nickname, for the first time while preparing her testimony, the State was obligated to disclose that the victim identified the petitioner by his nickname pursuant to the West Virginia Rules of Criminal Procedure.

The State argues that petitioner waived his right regarding the victim's alleged outburst during the beginning of her direct testimony because petitioner failed to present a record for appeal that would allow this Court to adequately address this assignment of error. Additionally, the State argues that petitioner failed to properly object when the victim identified petitioner and actively participated in cross-examining the victim about her knowledge of petitioner's name. Finally, the State argues that plain error does not apply because petitioner's rights were not substantially affected.

"To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Moreover, this Court has stated:

> Under the "plain error" doctrine, "waiver" of error must be distinguished from "forfeiture" of a right. A deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined. By contrast, mere forfeiture of a right-the failure to make timely assertion of the right-does not extinguish the error. In such a circumstance, it is necessary to continue the inquiry and to determine whether the error is "plain." To be "plain," the error must be "clear" or "obvious."

Syl. Pt. 8, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). This Court has also stated as follows:

> The decision to declare a mistrial, discharge the jury and order a new trial in a criminal case is a matter within the sound discretion of the trial court. *State v. Craft,* 131 W.Va. 195, 47 S.E.2d 681 (1948). A trial court is empowered to exercise this discretion only when there is a "manifest necessity" for discharging the jury before it has rendered its verdict. W.Va.Code § 62-3-7 (1977 Replacement Vol.). This power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy. *See State ex rel. Brooks v. Worrell*, 156 W.Va. 8, 190 S.E.2d 474 (1972); *State ex rel. Dandy v. Thompson*, 148 W.Va. 263, 134 S.E.2d 730, *cert. denied*, 379 U.S. 819, 85 S.Ct. 39, 13 L.Ed.2d 30 (1964); *State v. Little*, 120 W.Va. 213, 197 S.E. 626 (1938).

*State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983). First, the trial transcript contains absolutely no information about the victim's outburst, just that a brief recess was taken shortly after she began her direct testimony. Following a discussion in chambers, it was decided, over petitioner's counsel's objection, that the victim would testify from counsel's table and the jury would not be polled to determine if any prejudice resulted from the outburst. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contains an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." It is an appellant's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *W.Va. Dept. of Health & Hum. Res. Emps.Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Petitioner's argument is without support from the record below and, therefore, we find no merit.

Additionally, the Court concludes that petitioner waived any alleged error in the victim's testimony identifying petitioner by his name or nickname. A review of the record clearly reflects that petitioner's counsel failed to object to the victim's testimony and proceeded to cross-examine the victim regarding how she learned petitioner's name and if anyone told her what to say. Furthermore, even if it was error to permit the identifying statement, it did not affect petitioner's substantive rights because petitioner, himself, testified to having sexual intercourse with the victim, that he did not know the victim, and petitioner's DNA matched the DNA recovered from the rape kit performed on the victim. Any error found herein does not rise to the level of plain error.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II