## THE STATE *v.* LEUNIG.

JURY.—*Discharge of.*—*Misconduct.*—*Jeopardy.*—A jury, which had been impanelled and sworn to try an indictment for murder, having heard the evidence and having retired in charge of a bailiff to deliberate upon their verdict, and having returned into court, it was shown to the court that during the adjournment of the court and after the commencement of the trial, the bailiff, in disobedience of the order of the court, instead of taking the jury to a room, took them into the public square, and left them, and went to the saloon of the defendant, who was out on bail, and there procured from his barkeeper a can of beer, and gave it to the jury, who drank it, and that the bailiff so gave them said beer without the knowledge or consent of the court. Thereupon the court, over the defendant's objection, discharged the jury.

*Held*, that the discharge of the jury was not necessary.

*Held*, also, that having so discharged the jury, there was no error in then discharging the defendant.

APPEAL from the Vanderburg Criminal Circuit Court.

OSBORN, C. J.—The only question in this case is the correctness of the ruling of the court in discharging the appellee. He was indicted for murder. After a plea of not guilty, a jury was impanelled and sworn to try the issue. The record then recites: "and after hearing the evidence, the jury were placed in the custody of two bailiffs, duly sworn and instructed by the court to be by them kept and placed in one or more rooms for lodging, and not to be permitted to communicate with other parties, and return into court to-morrow morning at eight o'clock." The record further shows that on the next day the parties and jury appeared, "and it appearing to the satisfaction of the court by due proof, that during the adjournment of the court, since the commencement of this trial of this cause, the bailiff having charge of the jury, in disobedience of the order of the court, instead of taking said jury to a room, took them into the public square and left them and went to the grocery or saloon of the defendant, who was out on bail, and there procured from his barkeeper a can or pitcher of beer and gave it to the jury, who drank it, and that said bailiff of said jury did, without the knowledge or consent of said court,

give to said jury, during the adjournment of said court, said beer to be by them drunk.  It is therefore considered and ordered that it is necessary for the ends of justice that said jury be discharged from the further hearing or trial of said cause."  The order was made over the objection of the appellee.  Afterward the appellee was discharged from further prosecution  on the ground that he had been in jeopardy.

The State seeks to reverse the judgment on the ground that the judge discharging the jury was the exclusive judge of the necessity, and that the court had authority to discharge them whenever in the opinion of the judge the ends of justice would otherwise be defeated.

There is some conflict in the decisions of courts as to when the discharge of a jury will entitle a defendant to a discharge on the ground of jeopardy.   In *The State* v. *Nelson*, 26 Ind. 366, it was held that after the discharge of a jury, because of their inability to agree upon a verdict, the defendant had not been in jeopardy.   That case held that the court should judge whether the jury could conscientiously agree upon a verdict.  If it appeared plain to the court that they could not, their discharge would not operate as an acquittal of the defendant.   In some of the prior cases it had been intimated, if not held, that the necessity which produced the discharge of the jury must be a physical one.   In that case it was said, that it did not follow that the defendant might not avail himself of any abuse of discretion by the judge in discharging the jury without cause; that the circumstances might be made a matter of record, and unless a proper case should be shown to justify the action of the court, the discharge would be equivalent to a verdict in favor of the defendant.   The jury had been out seventy-two hours, and the court held it not an abuse of discretion to discharge them.

The mere ruling or finding of the court that the ends of justice require the discharge of a jury will not, of itself, be sufficient to establish a necessity for their discharge, espe-

cially when the facts in the record show that no such necessity existed. The judge might find that the ends of justice required the discharge of the jury and a continuance of the cause, in order that absent witnesses might be procured, or for any other cause, when, in fact, there was no necessity for it.

We do not think it necessary in this case to reopen or discuss the question as to when and under what circumstances a jury may be discharged without its being equivalent to a verdict of not guilty. We are satisfied that in the case at bar there was no necessity for discharging them, and that the court committed no error in ordering the discharge of the appellee.

The judgment is affirmed.

*J. C. Denny,* Attorney General, *W. P. Hargrave, J. & H. C. Pitcher,* and *J. H. Laird,* for the State.

*W. F. Parrett, L. Wood, E. M. Spencer,* and *W. Loudon,* for appellee.