[No. 20370. In Bank. — May 1, 1888.]

THE PEOPLE, RESPONDENT, v. JAMES CURTIS, AP-
PELLANT.

<div style="float:right">

| 76 | 57 |
| e129 | 307 |
| d129 | 308 |
| 76 | 57 |
| 143 | 130 |

</div>

CRIMINAL LAW — LARCENY NOT INCLUDED IN BURGLARY. — The crime of larceny is not included in that of burglary, and under an information charging the latter offense a conviction for the former cannot be had, and a verdict to that effect is a nullity.

ID. — DISCHARGE OF JURY WITHOUT DEFENDANT'S CONSENT. — Except in cases specially provided for, the discharge of the jury in a criminal case after rendering a void verdict, without the consent of the defendant, operates as an acquittal.

ID. — PRESUMPTION OF CONSENT. — Where a jury is discharged after rendering a void verdict, it will be presumed, in the absence of a contrary showing in the record, that the defendant consented to the discharge.

ID. — ONCE IN JEOPARDY — FORMER ACQUITTAL. — A defendant in a criminal case cannot plead former jeopardy and former acquittal, when on the previous trial the jury was discharged with his consent without rendering a verdict.

ID. — ORAL CHARGE TAKEN DOWN BY STENOGRAPHER. — Under section 1093, subdivision 6, of the Penal Code, it is not error for the court in a criminal case to charge the jury orally, when the charge is taken down by the phonographic reporter.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Blair & Blair,* for Appellant.

*Attorney-General Johnson,* for Respondent.

THORNTON, J. — The defendant was accused by information of burglary, and convicted of an attempt to commit petit larceny. He then moved for a new trial, which was granted. On the second trial he was convicted of burglary in the second degree.

The defendant asked on the new trial to be allowed to plead once in jeopardy and former acquittal. This was refused, and an exception was reserved.

The defendant on the new trial asked the court to direct the jury as follows: —

" That the defendant having been previously tried on this same information for the crime of burglary, and found guilty by the jury on said trial of the offense of an attempt to commit petit larceny, he cannot now be convicted of the higher crime of burglary."

This was refused, and defendant excepted.

The defendant could not have been convicted on the information for burglary of an attempt to commit larceny. Larceny is not included in the crime of burglary. This was so held in *People* v. *Garnett,* 29 Cal. 628, and we think correctly. If larceny is not included in burglary, we cannot see that the defendant could be convicted under the statute (Pen. Code, sec. 1159) of an attempt to commit it.

The verdict of the jury was then a nullity, but on

returning it the jury was discharged. As the verdict was a nullity and of no effect, the jury should have been sent out for further deliberation. The verdict constituted no legal reason for the discharge of the jury, and in our judgment, if they were discharged without consent of the defendant (except in the cases specially provided for), it operated as an acquittal of the defendant. (*Bell* v. *State*, 48 Ala. 696, 697; 17 Am. Rep. 40.) Under our statute, in a case like this, the consent must appear on the minutes of the court. (Pen. Code, sec. 1140.) The minutes of the court as regards the former trial are not before us. The only information we have as to this trial is set forth in the bill of exceptions, and that is silent as to any consent by either party. The bill of exceptions not showing a discharge of the jury without the consent of the defendant, a case is presented where error of the court is not made to appear, and we must presume that the jury was discharged with defendant's consent.

As the jury was discharged with the consent of the defendant without rendering a verdict, it must be held that there was no jeopardy and no acquittal. (*People* v. *Webb*, 38 Cal. 480.) Therefore the court did not err in refusing to allow defendant to plead former jeopardy and former acquittal, nor did it err in refusing the instruction above set forth asked by the defendant.

The charge of the court, though given orally, was taken down by the phonographic reporter. This is allowed by statute (Pen. Code, sec. 1093, subd. 6), and therefore there is no error in the court not charging the jury in writing.

Judgment and order affirmed.

SEARLS, C. J., McKINSTRY, J., McFARLAND, J., and SHARPSTEIN, J., concurred.