PEOPLE OF THE TERRITORY OF UTAH, RESPOND-
ENT, v. ALBERT KERM, APPELLANT.

CRIMINAL LAW.—INDICTMENTS.—SUFFICIENCY.—The rules for test-
ing an indictment in Utah Territory are those prescribed by
the Code of Criminal Procedure, and not the rules of the
common law, and the indictment is sufficient if it can be
understood therefrom that the act or omission charged as the
offense is clearly and distinctly set forth, without repetition,
and in such manner as to enable the court to understand
what is intended and to pronounce judgment according to
the right of the cause.

ID.—ID.—ROBBERY.—An indictment which charges a felonious
taking by defendant by means of force, violence and fear
from the immediate presence of a party and against his will,
sufficiently charges the crime of robbery (especially where no
objection was taken until after verdict), under § 4468, 2 Comp.
Laws 1888, which defines robbery as the felonious taking of
personal property in the possession of another, from his per-
son or immediate presence and against his will; accom-
plished by means of force or fear.

ID.—ROBBERY.—FORMER JEOPARDY.—Defendant was indicted for
robbery. He pleaded not guilty and once in jeopardy. The
jury was discharged after trial with the consent of defend-
ant. Defendant was placed upon trial again, and asked the
court to instruct the jury that he had been once in jeopardy
upon the same offense; held that the defendant having con-
sented to the discharge of the jury could not plead the fail-
ure of the jury to find upon the issue of once in jeopardy.

ID.—ID.—SAME OFFENSE.—A burglary by the entering of a house
through a window on the second floor with intent to steal
the goods of one H., is not the same offense or part of the
same transaction with an entering from the outside of a
room on the first floor and the committing of a robbery upon
one W., although it was the same house, the same day, with

just enough time intervening between the two acts to permit defendant to pass from the upper story to the lower one.

ID.—ID.—EVIDENCE.—Evidence that a watch, belonging to one H., who lived in same house with the person robbed, which was taken from the house where the robbery occurred at about the time the robbery occurred, was found on defendant the next day, is admissible to show the presence of defendant in the house on the night of the robbery.

ID.—ID.—INSTRUCTIONS.—HARMLESS ERROR.—An instruction upon the subject of what constitutes a reasonable doubt which is not aptly expressed, but which could not have misled the jury is not reversible error.

APPEAL from an order refusing a new trial and from a judgment of the district court of the third district.

The defendant requested the following instruction which was not given except as covered by the portion of the charge upon reasonable doubt which is quoted in the opinion:

A reasonable doubt is an actual substantial doubt; such a doubt as would dispel an abiding conviction of guilt, and which arises out of the evidence. It is not merely a conjecture, but must be such as would cause a reasonable, prudent and considerate man to hesitate and pause before acting in the graver and more important affairs of life. You must be able to say, after an impartial consideration of all the evidence, that you feel an abiding conviction of the guilt of defendant.

*Mr. S. P. Armstrong* and *Mr. J. M. Hamilton,* for the appellant.

*Mr. Charles S. Varian, U. S. Attorney,* for the respondent.

ANDERSON, J.:

The defendant was indicted for robbery, alleged to have

been committed on the 20th day of September, 1890, by putting in fear and forcibly taking from the immediate presence of one William Wood, Jr., a bag of gold and silver, of the value of $160, the property of the said Wood. To the indictment the defendant pleaded not guilty and a former acquittal for the same offense. There was a trial to a jury, and a verdict against the defendant on his plea of former acquittal, and that he was guilty of the offense charged. The defendant filed a motion in arrest of judgment and for a new trial, which was overruled by the court, and he was sentenced to a term of years in the penitentiary, and he now brings this appeal. At the trial the defendant introduced evidence tending to show that he had been tried under the same indictment and plea on the 5th day of October, 1891, and that the jury returned a verdict of guilty, but made no finding as to the plea of former acquittal. At the close of the testimony at the last trial, counsel for the defendant moved the court to find that the defendant had been once placed in jeopardy under the indictment by the trial had on October 5, 1891, which motion was overruled, to which ruling the defendant excepted, and this ruling is assigned as error. 2 Comp. Laws, § 4981, provides that there may be four kinds of pleas to an indictment, as follows, to-wit: (1) Guilty; (2) not guilty; (3) a former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty; (4) once in jeopardy. 2 Comp. Laws, § 4985, provides that all matters of fact tending to establish a defense, other than that specified in the third subdivision of § 4981, may be given in evidence under the plea of not guilty. 2 Comp. Laws, § 4996, prescribing the mode of trial in criminal cases, provides that "an issue of fact arises (1) upon a plea of not guilty; or (2) upon a plea of a former conviction or acquittal of the same offense; (3) upon a plea of once in jeopardy." While the provisions of § 4985 are inconsistent

with those of §§ 4981 and 4996, above referred to, it is unnecessary to determine in this case whether or not evidence of once in jeopardy can be introduced without being specially pleaded, as the evidence was admitted by the court without objection, and the defendant got all the benefit from it which he could have received if he had pleaded it specially.   By the provisions of the statute referred to the defense of once in jeopardy raises an issue of fact to be determined by the jury, and the court committed no error in refusing to rule as a matter of law upon the evidence that the defendant had been placed in jeopardy by the former trial. It was the duty of the court at the former trial to require the jury to find on the issue raised by the plea of former acquittal, and the jury should not have been discharged until they had by their verdict found as to both the issues presented, and, if judgment had been entered on the verdict without such finding, it would have been, on appeal, ground for a new trial. *People* v. *Kinsey,* 51 Cal. 278; *People* v. *Helbing,* 59 Cal. 567; *Deaton* v. *State,* 44 Tex. 446.

But the record discloses that no judgment was rendered on the former conviction, and that a new trial was granted by the court on motion of the defendant, one of the grounds of which was that the jury had failed to find as to the question of a former acquittal.   Where the record shows the defendant consented to the discharge of the jury after a void or defective verdict, the defense, on a second trial, of once in jeopardy, is unavailing. *People* v. *Curtis,* 76 Cal. 57, 17 Pac. Rep. 941; 1 Bish. Crim. Law, § 998, and cases cited; *U. S.* v. *Perez,* 9 Wheat. 580; *People* v. *Kinsey,* 51 Cal. 278; *People* v. *Helbing,* 59 Cal. 567.   And the rule is the same where the record is silent as to the consent of the defendant.   Error of the trial court must be made to appear, and, if the record is silent as to the consent of the defendant, his consent will be presumed. *People* v. *Curtis,* 76 Cal. 57, 17 Pac. Rep. 941.

One of the grounds of the motion in arrest of judgment was that the facts stated in the indictment do not constitute a public offense, under the laws of Utah, because it fails to state that the money was taken from the possession of the prosecuting witness. "Robbery" is defined to be "the felonious taking of personal property, in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." 2 Comp. Laws, § 4468. Subdivision 2, § 4930, 2 Comp. Laws, provides that an indictment must contain "a clear and concise statement of the acts or omissions constituting the offense, with such particulars of the time, place, person, and property as will enable the defendant to understand distinctly the character of the offense complained of, and answer the indictment." The indictment charged that "the said Albert Kerm, on the 20th day of September, A. D. 1890, * * * in the nighttime of said day, upon the body of one William Wood, Jr., did make an assault, and him, the said William Wood, Jr., did put in fear, and forcibly and feloniously, by means of the fear aforesaid, from the immediate presence of him, the said William Wood, Jr., and against the will of him, the said William Wood, Jr., one bag of gold and silver coins of the United States, of the value of one hundred and sixty dollars, of the goods and chattels of the said William Wood, Jr., unlawfully and feloniously did steal, take, and carry away, against the peace," etc. Comp. Laws, § 4938, provides that the indictment is sufficient if it can be understood therefrom "that the act or omission charged as the offense is clearly and distinctly set forth, without repetition, and in such manner as to enable the court to understand what is intended, and to pronounce judgment upon conviction, according to the right of the case." The objection that an indictment does not charge a public offense may be taken by demurrer (2 Comp. Laws, § 4972), or it may be taken at the trial under the plea of not guilty, or

after the trial in arrest of judgment (2 Comp. Laws, § 4980). No objection was taken to the indictment by demurrer, or at the trial, that it did not state facts constituting a public offense. It at least charged grand larceny; and such an objection, if it had been made, would not have been well taken, as larceny is necessarily included in the crime of robbery.

By the indictment in the present case the defendant was accused of the crime of robbery. To the indictment he pleaded not guilty and a former acquittal. He was twice tried under the indictment and these pleas for robbery, and was twice convicted. The court, jury, and counsel understood the indictment to charge the defendant with the crime of robbery. Counsel for the defendant asked the court to give certain instructions to the jury, based on the idea that the charge against the defendant was that of robbery, and the record shows throughout that the defendant was tried for robbery. The undisputed evidence, and which was admitted without objection, was that the prosecuting witness, Wood, went home from his place of business late at night, carrying a sack containing about $170, which he placed on the table in the kitchen, and started to go into the dining-room, when a man wearing a mask, whom he identified as the defendant, entered the kitchen by the back door, and, telling Wood that he would kill him if he interfered, picked up the sack of money, and carried it away, and that Wood, through fear for his life, did not attempt to prevent the taking and carrying away of the money. This was a taking of the money from the possession of Wood, and constituted the crime of robbery. The indictment should have charged that the money was taken from the possession of Wood, for it is possible for it to have been in the possession of some one else, although in his immediate presence. But the facts were sufficient to " enable the defendant to understand

distinctly the character of the offense complained of and answer the indictment," and he twice went to trial under it without objection, under the pleas of not guilty and a former acquittal. It was also sufficient to enable the court to understand what offense was intended to be charged; and to pronounce judgment on the verdict. The defendant was not misled by the failure of the pleader to insert in the indictment the fact which, at least inferentially, appeared, that the money was taken from the possession of Wood, and he was in no manner prejudiced in his defense by such failure, and did not deem the defect of sufficient importance to make any question as to the sufficiency of the indictment until after two trials. The sufficiency of an indictment under our practice is not determined by the rules of the common law, but by the provisions of the Penal Code, and, although the indictment in this case is not a full compliance with the statute, yet it is so far a substantial compliance with it that we think it is sufficient after verdict, where it is manifest that the defendant suffered no prejudice in his defense.

Under the defendant's plea of a former acquittal, the evidence introduced tended to show that the defendant had been indicted, tried, and acquitted of the crime of burglary, alleged to have been committed on the same night of the robbery by entering the same dwelling house of the said Wood, with the intent to commit a larceny of the property of one Arthur Hodgert; that Hodgert occupied a room in Wood's house, up stairs, and that it had been entered from the outside by passing over the roof of a shed through a window into Hodgert's room, and that the alleged burglary occurred but a few minutes, or a very short time, before the robbery. The court charged the jury that the entering of a room on the second floor forcibly through a window, with the intent to steal the property of Hodgert, would be a different transaction from entering from the outside into a room on the first floor later,

although it might be as soon as a party could pass from the upper story to the lower one, and, by means of threats or fear, taking a bag of money from Wood; that these acts would amount to two transactions, and would not be the same offense. The giving of this instruction, and the refusal of the court to instruct the jury that the two acts constituted but one offense, are assigned as error. We think the instruction of the court was so obviously correct as not to need either reasoning or the citation of authorities to support it.

At the trial the court admitted evidence, against the objection of the defendant, that, when the defendant was arrested on the day following the robbery, a watch which belonged to Hodgert was found on his person, and which Hodgert, testified was taken from his room on the night of the robbery. The admission of this evidence is claimed as error. The record shows that this evidence was admitted, not to establish the fact that the defendant was guilty of the burglary for which he had been acquitted, but as evidence tending to show that he was at the house of Wood on the night in question. He was not charged in the indictment for burglary with having stolen the property of Hodgert, but only with having broken and entered his room with the intent to commit larceny. For the purpose for which this evidence was admitted, we think no error was committed.

It is contended by counsel for the defendant that the court erred in its definition of what constitutes a " reasonable doubt." The charge of the court on this point was as follows: " The court further charges you that you cannot find the defendant guilty unless you believe, from all the evidence, that he is guilty beyond a reasonable doubt, and that a mere preponderance of the evidence is not sufficient to authorize a conviction. But the court further charges you that a mere possibility that the defendant is not guilty does not amount to a reasonable doubt. The

doubt must be a reasonable one; not a simple doubt, but it must be such a doubt as you are able to say is reasonable, such a one as a reasonable man, looking at all the evidence, would say is reasonable." While this definition of what constitutes a "reasonable doubt" is not aptly expressed, we think the jury could not have been misled, nor the defendant prejudiced, by the language in which the idea intended to be conveyed is formulated. There are other errors assigned, which we do not deem it necessary to discuss. We have examined the record in this case with much care, and think no errors are shown which prejudiced the defendant's case, or which would justify us in ordering a new trial. The judgment of the district court is affirmed.

MINER, J., and BLACKBURN, J., concurred.