[No. 20915.   Department One.   November 2, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Mike Lukich et al., Plaintiffs,* v. SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

[1] CRIMINAL LAW (56)—FORMER JEOPARDY—WAIVER OF PLEA—CONSENTING TO DISCHARGE OF JURY.   The constitutional prohibition against putting twice in jeopardy is waived where, on objection to the information after impaneling a jury, an amendment was allowed the state, upon condition of a continuance, insisted on by accused; whereupon the jury was discharged and the case reassigned for trial; since the accused impliedly consented to the discharge of the jury, and waiver of his privileges should be permitted when for his benefit and advantage.

Application filed in the supreme court September 29, 1927, for a writ of certiorari to review an order of the superior court for King county, Hall, J., denying a plea of former jeopardy, at a trial of jointists.   Writ denied.

*Adam Beeler* and *Louis E. Haven,* for relators.

*Ewing D. Colvin* and *James M. Bailey,* for respondent.

FRENCH, J.—The defendants, and each of them, were charged, by information filed by the prosecuting attorney of King county, with the crime of being jointists, the charging part of the information being as follows:

"I, Ewing D. Colvin, prosecuting attorney in and for the county of King, state of Washington, come now here in the name and by authority of the state of Washington, and by this information do accuse Mike Lukich, alias Yukij, Joe Bolen and Mark Duich, and each of them, of the crime of being jointists committed as follows, to-wit:

[1] Reported in 260 Pac. 671.

"They, said Mark Lukich, alias Yukij, Joe Bolen and Mark Duich, and each of them, in the county of King, state of Washington, on the 1st day of November 1st, A. D. 1926, and on divers days and dates, thence continuously to and including the 20th day of January, A. D. 1927, did then and there open up, conduct and maintain a place at Number 322, 2nd avenue, south, in the city of Seattle, said county and state, for the unlawful sale of intoxicating liquor.

"Contrary to the statute in such case made and provided and against the peace and dignity of the state of Washington."

Thereafter the case came on regularly for trial, a jury was empaneled and sworn to try the case. One witness on behalf of the state had given some testimony, when a challenge was made by the defendant to the information. After considerable argument, the demurrer to the information was overruled. Thereupon a recess was taken over the noon hour, and at 1:30 o'clock P. M., when court was reconvened, the prosecuting attorney, evidently having some doubt as to the sufficiency of the information, asked leave to amend by interlineation. The defendants objected to the amendment, and after argument by both counsel the following transpired:

"The Court: It is within the court's discretion, of course, to permit the amendment. Apparently the prosecutor is in doubt whether his information is really good, or he would not ask to put in these words. I will permit the amendment, but I will hear from you, Mr. Beeler, as to your right to a continuance. Mr. Beeler: I will certainly want time to meet the amended information."

There was then some colloquy between court and counsel concerning the granting of a continuance, and the following occurred:

"The Court: It will have to be reset. Mr. Bailey (prosecuting attorney): If counsel insists I have no

other alternative. Mr. Beeler: My hands are tied under this information.

"The Court: You will be granted a continuance. It will be set down for resetting by the presiding judge."

The jury were then returned to the jury box, and the court stated:

"Members of the jury, in this case counsel for the plaintiff—that is the state of Washington—has asked that the state be permitted to amend the information by adding certain words thereto. The information is the charge of the offense, and the state has asked that it be amended in certain particulars. I have granted that request, and the state will be permitted to file an amended information. But the defendants say that if this amendment is granted they will not be prepared to go to trial today on this amended information and request a continuance. I have granted that request. So that, so far as you are concerned, this trial is at an end now. You are discharged from further service in this case. You will please report back to the presiding judge."

Thereafter, on the same day, an amended information was filed, and the case was later regularly set for trial. Defendants have interposed a plea of former jeopardy, which plea was overruled by the court, and the entire matter brought here for review, the facts not being in dispute.

[1] Respondent raises the question that the petitioners have a plain, speedy and adequate remedy at law by appeal. We think this question is analogous to, and governed by our decision in, *State ex rel. Harger v. Chapman*, 131 Wash. 581, 230 Pac. 833.

On the merits of the controversy, the maxim of the common law that no one shall be twice put in jeopardy for the same offense, is included in the constitution of the United States, and the constitution of our own state; and in the case of *State v. Kinghorn*, 56 Wash.

131, 105 Pac. 234, 27 L. R. A. (N. S.) 136, this court held that

"Jeopardy attaches when the accused has been placed upon trial in a court of competent jurisdiction, on a sufficient indictment, before a jury legally empaneled and sworn, the constitutional peril has attached, and that a discharge of the jury without good cause and without the consent of the accused is equivalent to an acquittal."

In *State v. George*, 84 Wash. 113, 146 Pac. 378, this court quoted with approval from Cooley on Constitutional Limitations (7th ed.), pp. 468-470, as follows:

"If, however, the court had no jurisdiction of the cause, or if the indictment was so far defective that no valid judgment could be rendered upon it, or if by any overruling necessity the jury are discharged without a verdict, which might happen from the sickness or death of the judge holding the court, or of a juror, or the inability of the jury to agree upon a verdict after reasonable time for deliberation and effort; or if the term of court as fixed by law comes to an end before the trial is finished; *or the jury are discharged with the consent of the defendant expressed or implied;* or if, after verdict against the accused, it has been set aside on his own motion for a new trial, or on a writ of error, or the judgment thereon been arrested,—in any of these cases the accused may again be put upon trial upon the same facts before charged against him, and the proceedings had will constitute no protection."

We have examined all of the cases cited by the textwriter, and find that they amply support the rule above stated. Among others that hold this doctrine, see *State v. Slack*, 6 Ala. 676; *People v. Curtis*, 76 Cal. 57, 17 Pac. 941; *People v. White*, 68 Mich. 648, 37 N. W. 34; *State v. Parker*, 66 Iowa 586, 24 N. W. 24.

Both the common law and our Federal and state constitutional provisions are designed for the protection of the rights and privileges of any citizen charged

with crime. To give these guarantees a construction that would prevent their being waived for his benefit would, indeed, be a perversion of the law. The lower court having heard the application for a continuance, and the argument that accompanied it, which is not included within the statement of facts presented to this court, held that the defendants, by their actions, impliedly consented to the discharge of the jury. We think that the only fair inference to be drawn from the quoted portion of the record which we have heretofore set forth.

Writ denied.

MACKINTOSH, C. J., TOLMAN, PARKER, and MITCHELL, JJ., concur.