ARMENTROUT *v.* STATE OF INDIANA.

[No. 27,009. Filed June 7, 1938.]

*Floyd W. Jellison,* and *Neal, Williams & Ullum,* for appellant.

*Omer S. Jackson,* Attorney-General, and *W. A. Lewis,* Deputy Attorney-General, for the State.

ROLL, J.—The appellant was indicted by the grand jury of St. Joseph County, the indictment being in two counts. The cause was set for trial on the 8th day of June, 1937, at which time the defendant entered a plea of not guilty and the cause was submitted to a jury for trial. The jury was impanelled and sworn to try the cause. The Prosecuting Attorney made his opening statement to the jury, following which counsel for appellant proceeded to make the opening statement to the jury for the defendant. During the course of the opening statement to the jury counsel for defendant stated in substance that:

"If this girl (prosecuting witness) takes the witness stand and testifies against her Father she will do so as an unwilling witness, to which remark counsel for the state objected; that the defendant's counsel also state that she (prosecuting witness) was then under arrest and in the hands of the Sheriff to which remark the prosecuting attorney also objected. Whereupon the court addressing counsel for defendant stated that the girl was not under arrest. Also instructed defendant's counsel not to make such remarks or the court would have to take the case from the jury."

Whereupon counsel for appellant said:

"Well there she is between the Sheriff and the matron."

or words to that effect and

"Certainly she was not a free witness."

Whereupon the court withdrew the submission of the

cause from the jury and discharged the jury over the objection of appellant. On the 10th day of June, 1937, the appellant filed his verified motion for a discharge from further prosecution and from jail supported by the affidavit of appellant herein and by Floyd O. Jellison, counsel for appellant. This motion for discharge was based upon the ground that the appellant had been once put in jeopardy by having been duly charged by grand jury indictment and the cause being set for trial and a lawful jury having been regularly and duly impanelled and sworn to try the cause, and that the court thereafter, over the objection of appellant, withdrew the submission of the said cause from the jury and discharged the jury without legal right and for this reason the defendant had been placed in jeopardy and that he was, therefore, entitled to be discharged.

The court overruled this motion, exceptions were duly saved, and the action of the court in overruling this motion is assigned as error. Other questions are sought to be presented by this appeal but in view of the conclusion we have reached it is unnecessary to set them out or discuss them in this opinion.

Jeopardy is the peril and danger to life or liberty in which a person is put when he has been regularly and sufficiently charged with the commission of a crime; has been arraigned and pleaded to such charge; has been put upon his trial before a tribunal properly organized and competent to try him for the offense charged, and a jury has been impanelled from persons competent to sit on the trial and duly sworn to try the cause and charged with due deliverance. It is undisputed and the motion filed for a discharge clearly shows that all of the above requisites were present in this case. The only question presented was whether or not the discharge of the jury under the circumstances in this case would prevent jeopardy from

attaching. Wharton's Criminal Law 12ed, vol. 1, §395, p. 548, says:

"After the trial of a criminal charge has been duly entered upon, before a court regularly organized, and having jurisdiction of the subject matter of the charge, and competent to try the defendant, on an indictment sufficient to support any judgment that may be rendered, with a lawful jury properly selected and sworn, a discharge of such jury, without the consent of the accused, and without the existence of a state of facts under which the law provides for a discharge of a jury without a verdict, is equivalent to an acquittal of the defendant of the charge, and he cannot thereafter be tried thereon. The only causes for which a jury impanelled and sworn to try an accused on a criminal charge can be discharged by the court without a verdict are: (1) Consent of the prisoner; (2) Illness of (a) one of the jurors, (b) the prisoner, or (c) the court; (3) Absence of a juryman; (4) Impossibility of the jurors agreeing on a verdict; (5) Some untoward accident that renders a verdict impossible; and (6) Extreme and overwhelming physical or legal necessity."

In the case of State v. Wamire (1861), 16 Ind. 357, the court said (p. 357) :

"The following points of criminal law are settled in this State: 1. If the Court, without the consent of the defendant, discharged the jury to whom his cause has been submitted, before verdict, no imperious necessity rendered such discharge necessary, it works an acquittal of the defendant; . . ."

In Miller v. State (1856), 8 Ind. 325, 327, this court said:

"The discharge of the jury must result from necessity, a necessity determined by law, or it will release the prisoner."

In State v. Reed (1907), 168 Ind. 588, 590, 81 N. E. 571, this court said:

"It is well settled in this State that when a defendant in a criminal prosecution is put upon his

trial on a valid charge in a court having jurisdiction of the subject matter and the parties, and the cause is dismissed over his objection, the same is equivalent to an acquital, and he has been put in jeopardy, within the meaning of §14, Art. 1, of the Constitution of this State and cannot again be put in jeopardy for the same offense."

In the case of *State* v. *Leunig* (1873), 42 Ind. 541, the jury had been impanelled and sworn to try an indictment for murder. The evidence was heard and the jury retired in charge of a bailiff to deliberate upon their verdict. It was shown that during the adjournment of the court and after the commencement of the trial the bailiff in disobedience of the order of the court instead of taking the jury to a room took them into the public square and left them and went to the saloon of the defendant and procured from the bar-keeper a can of beer and returned and gave it to the jury who drank it. Whereupon the court upon learning of the above facts over the objection of the defendant discharged the jury. Afterwards the accused was discharged on the ground that he had been in jeopardy. The state sought a reversal on the ground that the judge in discharging the jury was the exclusive judge of the necessity of withdrawing the submission and discharging the jury, and that the court had authority to discharge them whenever in the opinion of the judge the ends of justice would otherwise be defeated.

The court in discussing the question said (pp. 542, 543):

"In some of the prior cases it has been intimated, if not held, that the necessity which produced the discharge of the jury must be a physical one. . . .

"We do not think it necessary in this case to re-open or discuss the question as to when and under what circumstances a jury may be discharged without its being equivalent to a verdict of not guilty. We are satisfied that in the case at bar there was no necessity for discharging them, and that the

court committed no error in ordering the discharge of the appellee."

So in the case at bar the question of when and under what circumstances a jury might be discharged by the court without its being equivalent to a verdict of not guilty wo do not need to discuss. We think it is sufficient under the law as laid down in the cases above cited to say that there was no legal necessity for discharging the jury and that the discharge under the facts and circumstances disclosed by the record was equivalent to an acquittal, and we, therefore, hold that the court erred in overruling appellant's motion to be discharged on the ground of former jeopardy.

The state has pointed out many defects in the record and in appellant's brief and contend that no question is presented for our decision. It is true that the record discloses many irregularities in the trial and appellant's brief in many respects is faulty in the extreme. Both the record and appellant's brief are silent but convincing witnesses that appellant's counsel has given very little attention, effort, or study to the law or to the rules of this court in the preparation of this appeal, but notwithstanding the patent and inexcusable lack of effort and study on the part of appellant's counsel in the conduct of the trial and in the preparation of this appeal we are convinced that the record and brief are sufficient to present for our consideration the question above discussed.

We need not discuss or consider other questions attempted to be presented.

Cause reversed with instructions to the trial court to set aside the judgment heretofore rendered and to sustain appellant's motion to be discharged on the ground of former jeopardy.