## IN RE LANE.

[No. 27,948.   Filed November 30, 1944.   Rehearing denied December 29, 1944.]

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Robert Hollowell, Jr.,* and *Frank N. Dice,* Deputy Attorneys General, for the Petitioner.

*Edwin C. Henning,* of Evansville, *Ralph B. Gregg,* of Indianapolis, and *Herbert W. Lane,* of Jasper, for defendant.

PER CURIAM.—This is an original disciplinary action instituted by the Attorney General of the State of Indiana, pursuant to §§ 3-22 to 3-26, inclusive, of the 1943 Revision of the Rules of this Court. The information charges the defendant with specific acts alleged to constitute violations of his professional obligations and asks that his license to practice law be revoked. The defendant filed an answer in the nature of an argumentative denial and a commissioner was appointed to hear and report the evidence and make findings of fact. There were no exceptions to the commissioner's report and the facts are therefore settled. Both parties have submitted briefs and the case is before us on the merits.

No extended statement of the facts is necessary. The defendant was admitted to practice law by the Martin Circuit Court on April 11, 1931, and was enrolled as a member of the bar at this court on October 29, 1939. He was subsequently involved, in one capacity or another, in three cases which were before the appellate courts of this State. These cases are: *Lane* v. *Campbell* (1938), 214 Ind. 276, 14 N. E. (2d) 562; *Workman, Executrix* v. *Workman* (1943), 113 Ind. App. 245, 46

N. E. (2d) 718, transfer denied April 12, 1943, and *Lane* v. *Gugsell* (1943), 113 Ind. App. 676, 47 N. E. (2d) 835, transfer denied September 21, 1943.

In addition to the facts disclosed by the records and opinions in the cases above cited, the commissioner's findings warrant the conclusion that the defendant's entire professional career has been marked by an utter disregard of the ethical standards of conduct set forth in Acts 1881 (Spec. Sess.) ch. 38, § 836, p. 240, § 4-3608, Burns' 1933, § 830, Baldwin's 1934, and in Rule 3-21 of the 1943 Revision of the Rules of this Court. Since these facts are fully set forth in the permanent records of this court, no good purpose would be served in repeating them here.

It is ordered that the defendant, Herbert W. Lane, be and he is hereby disbarred from practicing law in this State, and the Clerk is directed to strike his name from the roll of attorneys. The Clerk will also send a certified copy of this order to the Martin Circuit Court, where said defendant was admitted to the bar, and to the Dubois Circuit Court, where he has been engaged in the practice of law.

Note.—Reported in 57 N. E. (2d) 773.