FREDERICK KELLEY *v.* STATE OF INDIANA.

[No. 1-1072A82. Filed April 26, 1973.]

*William B. Ream,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Kelley) was charged with the Sale of Dangerous Drugs. On June 21, 1971, he pleaded not guilty and requested a jury trial which was set for July 6, 1971.

On June 24, 1971, Kelley requested and was granted an order requiring the State to "provide the defendant with a list of witnesses, now known to it, to be called by the State in this cause, . . ."

Kelley requested a psychiatric examination which was granted. After the doctor's reports were received, Kelley filed a petition to be committed to the custody of the Indiana Department of Mental Health. This was granted and he was confined in Madison State Hospital, from August 25, 1971, until November 24, 1971, when he was declared competent to stand trial. Trial was then reset for January 6, 1972 and against reset for March 1, 1972 after defendant moved for a continuance.

On March 1, 1972, just over eight months after the request, and on the morning of the first trial, the State provided defendant with the witness list.

The jury was empanelled and the State's first witness took the stand and was sworn. At this time Kelley objected to any

testimony by the witness, on the grounds of surprise and because the State had not provided the witness list until the very morning of trial.

The trial judge concluded that while the State had not complied with the "spirit" of the order, the objection would be overruled but defendant could either proceed to trial or request and be granted a continuance.

Defendant requested and was granted the continuance. Without further motion or objection, the court discharged the jury. The record shows that "defendant's attorney stated, in response to inquiry by the Court, that defendant could not be prepared for continuation of the trial for a minimum of several days because he intended to depose at least two of the witnesses on the state's list of witnesses. Defendant's attorney later estimated he would need four (4) to six (6) weeks before resumption of trial."

Trial was reset for April 24, 1972. On March 17, 1972, defendant filed a motion for dismissal and discharge on the grounds of double jeopardy. This was renewed by an identical motion on the trial date. Both were denied. Kelley was tried and convicted of the Sale of Dangerous Drugs.

This appeal results from the overruling of defendant's Motion to Correct Errors wherein he alleges: (1) "That the trial court erred in overruling defendant's objection to testimony of the State's witness whose identity as a state witness was not made known to the defendant's counsel until March 1, 1972, the day of the trial." (2) "The court erred in placing the burden on the defendant to elect between continuing with the trial or asking for a continuance. This burden effectively denied the defendant of his right to a speedy trial and was a denial of his right to due process of law." (3) "That the trial court erred in refusing to grant defendant's motion for dismissal and discharge of the defendant after the trial on March 1, 1972, and the court's decision to try the cause again on April 25, 1972, resulted in the defendant being twice placed in jeopardy."

Concerning defendant's first contention, the law is clear.

█ If the State fails to provide a list of witnesses, when ordered to do so by the court, the proper remedy is a continuance.

As the court held in *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60:

> "There is no doubt that appellant, by failing to move for a continuance when the witnesses were called, failed to pursue his *proper remedy*." (Emphasis added.) See also, *Spears* v. *State* (1970), 253 Ind. 364, 254 N.E.2d 196; *Dorsey* v. *State* (1970), 254 Ind. 409, 260 N.E.2d 800; and *Fair* v. *State* (1969), 252 Ind. 494, 250 N.E.2d 744.

In the case at bar, defendant was granted a continuance. That being the proper remedy, no error was committed.

Kelley next maintains that he was saddled with an intolerable burden when the trial court offered him only the choice between a continuance or going ahead with trial and having to contend with the "surprise" witnesses. He argues that this denied him his right to a speedy trial and to due process. His due process argument relies on *Johns, supra,* and a rather strained analogy to the alibi statute. Indiana cases on this point indicate that failure to produce a witness list is indeed a denial of due process. The proper remedy, however, is a continuance, which defendant, in the case at bar, received.

Kelley bases his argument that he was denied a speedy trial on the fact that he was incarcerated while awaiting trial. However, of the total of 10 months between arrest and the second trial, five months was unavailable for trial due to defendant's voluntary request for psychiatric examination and commitment to a mental institution, and almost four more months were unavailable due to defendant's requested continuances. All in all, we cannot say that defendant was deprived of a speedy trial, when most of the delay was attributable to defendant's own actions.

Kelley finally contends that the trial court erred in not granting his motion for discharge, based on double jeopardy.

He argues that since jeopardy attached when the first jury was sworn, and since that jury was discharged and another empanelled, he has been subjected to double jeopardy which is constitutionally forbidden.

We agree that once the jury was sworn, jeopardy attached. See, *Joy* v. *State* (1860), 14 Ind. 139 and *Armentrout* v. *State* (1938), 214 Ind. 273, 15 N.E. 2d 363.

However, jeopardy having attached, it may yet be waived if defendant makes no objection at the time the jury is discharged.

In *Holt* v. *State* (1945), 223 Ind. 217, 59 N.E.2d 563, the court said:

"It is contended that a defendant may stand mute and take advantage of irregular or erroneous rulings or directions of the court."

\* \* \*

"Here, the appellant, although present in court, did not object to the discharge. Furthermore, the discharge of the jury was part of the relief granted on appellant's own motion for a continuance, although the motion did not request such discharge.

"This Court has held that where a defendant is in court and there is no showing that he objected to the discharge of the jury, he is presumed to have consented."

\* \* \*

"In the instant case, the defendant was present in court and requested the continuance. The court granted greater relief than was contemplated in the motion, but the defendant was the one that requested the continuance and thus set in motion the very action upon which complaint is made. Under such circumstances, the defendant cannot be excused from objecting, and failure to do so must be taken as a consent to the action of the court."

In the case at bar, there was no showing that Kelley objected at the time of the discharge of the jury. Therefore he waived any error arising therefrom.

Finding no error in the trial of this cause, it must be affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 295 N.E.2d 372.