JINKS ADKINS, JR.

*v.*

BOBBY J. LEVERETTE, *Superintendent*
*West Virginia Penitentiary*

(No. 14320)

Decided March 25, 1980.

*J. David Cecil* for relator.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Assistant Attorney General, for respondent.

CAPLAN, JUSTICE:

In this original proceeding in habeas corpus the petitioner, Jinks Adkins, Jr., alleging that his constitutional rights have been violated, seeks an unconditional release from incarceration in the state penitentiary. For the reasons stated herein, the relief prayed for is denied.

On September 22, 1978, this Court granted the petitioner's writ and appointed counsel to represent him. Said counsel sought leave and was granted permission to file a supplemental petition. In these petitions relief is sought principally on the ground that the petitioner had been subjected to double jeopardy in violation of his constitutional rights. He also complains of a denial of a speedy trial and of effective assistance of counsel.

The Grand Jury of Logan County, on July 10, 1975, indicted the petitioner for the offense of breaking and entering an Island Creek Coal Company store, the indictment being numbered 1707. Giving rise to this controversy was the return of a subsequent indictment in January, 1976, No. 1723, wherein the petitioner was charged with the same offense, the only difference being

that the owner of the goods allegedly stolen was more specifically identified.

Although the petitioner entered a plea of not guilty to indictment No. 1707 and the case was set for trial, the case never proceeded to verdict. The record reveals that several continuances were granted, the last of which was to the May Term, 1977. It is the contention of the petitioner that he was not responsible for such continuances and that he was thereby deprived of a speedy trial. However, each court order granting a continuance discloses that it was granted on the motion of the then defendant, petitioner here. Furthermore, the defendant's counsel, by deposition, related that he, with his client's knowledge and consent, requested various continuances. He indicated that by reason of the difficulty in defending this case, any delay would inure to the benefit of the defendant. Contrary to Mr. Adkins' assertion that he was not aware of the requests for continuance, his counsel said in his deposition: "No, I don't remember ever agreeing to a continuance without conferring with Mr. Adkins."

The record in this case does not contain an order reflecting the impaneling of a jury. However, a document designated "Respondents Exhibit 1" was filed with the deposition of J. Ned Grubb, the petitioner's then counsel. That document, verified by the circuit clerk as a record of that court, was dated December 16, 1976 and shows that a jury was selected in the trial of Jinks Adkins on indictment No. 1707. Nothing in the record reveals that the jury was discharged.

As noted above the case was continued to the May Term, 1977. At that time, instead of proceeding with the trial on indictment No. 1707, the state called upon the petitioner to plead to indictment No. 1723. He pleaded not guilty and upon trial the jury returned a verdict against him upon which he was sentenced to imprisonment for a term of one to ten years.

It is the position of the petitioner that he was placed in jeopardy when the jury was impaneled on

December 16, 1976 in relation to indictment No. 1707 and that his subsequent trial on indictment No. 1723 constituted double jeopardy. It is conceded that the charges contained in those indictments concern the same offense.

It was succinctly stated in *Serfass v. U.S.*, 420 U.S. 377, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975) that jeopardy attaches upon the swearing in of the jury. See *Brooks v. Boles*, 151 W.Va. 576, 153 S.E. 2d 526 (1967), wherein the Court said: "One is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn." See also *Rawlins v. Kelley*, 322 So.2d 10 (Fla. 1975); 21 Am.Jur.2d, *Criminal Law*, Section 175; and, 2B M.J., *Autrefois, Acquit and Convict*, Section 4. Also, it is a constitutional mandate that one shall not be "twice put in jeopardy" for the same offense. Constitution of West Virginia, Article III, § 5 and the Fifth Amendment to the Constitution of the United States.

In the instant case, in relation to indictment No. 1707, the defendant (petitioner here) was placed on trial on a valid indictment, before a court of competent jurisdiction, had pleaded and a jury had been impaneled. On numerous occasions he sought and received a continuance, the last being to the May Term, 1977. Was the petitioner, by then being placed on trial for the same offense, even though on a different indictment to which he had pleaded, subjected to double jeopardy? We must, in the circumstances of this case, answer in the negative.

It has been established that the continuances of the trial on indictment No. 1707 were granted upon the motion of the then defendant. It also appears that the jury impaneled to hear that case was discharged. When a jury cannot reach a verdict or when there is a manifest necessity for the discharge of the jury, it is well settled in the law that the defendant can again be tried for the offense charged and the defense of "double jeopardy" cannot be successfully employed. See *W. Va. Code* 62-3-7;

*State v. Bennett*, ____ W. Va. ____, 203 S.E.2d 699 (1974); *State ex rel. Brooks v. Worrell*, 156 W.Va. 8, 190 S.E.2d 474 (1972); *State ex rel. Dandy v. Thompson*, 148 W.Va. 263, 134 S.E.2d 730 (1964), cert. denied 379 U.S. 819, 85 S. Ct. 39, 13 L. Ed. 2d 30 (1964); *State v. Little*, 120 W.Va. 213, 197 S.E. 626 (1938).

The case demonstrates another instance when, upon the discharge of the jury and a further trial on the same offense, the defense of double jeopardy is not available. It has been held, and we subscribe to the proposition, that jeopardy, having attached, may be waived by the defendant and in a subsequent timely trial on the same offense said defendant cannot successfully claim that he is being subjected to double jeopardy. *Kelley v. State*, 156 Ind. App. 134, 295 N.E.2d 372 (1973). In that case the defendant requested and was granted several continuances. The court held that the defendant waived jeopardy by receiving continuances and not objecting to the discharge of the jury.

See *State v. Carroll*, 150 W.Va. 765, 149 S.E.2d 309 (1966) wherein the following language, which reflects the majority view, is quoted from 22 C.J.S., *Criminal Law*, § 277:

> The immunity from second jeopardy granted by a constitution is for accused's benefit, and is a personal privilege, or constitutional right, which accused may waive; for this reason the defense of double jeopardy is not jurisdictional. Such a waiver by the accused may be express or implied, and may be implied by accused's conduct or may be implied by accused's action; in fact, generally it is implied. Whether a waiver has occurred depends on the circumstances of each case.

Where a defendant moves for a continuance after the jury is sworn and the motion is granted, he undoubtedly has consented to the discharge of the jury and this is true regardless of the ground on which the continuance is granted. *State v. Reynolds*, 345 Mo. 79, 131 S.W.2d 552 (1939). The court reasoned in *Reynolds*, in holding that the defendant waived the defense of former jeopardy,

that the very word "continuance" implied a resumption of the proceedings at a later date, not an abandonment of them; also, the court then noted that the continuance was granted on the motion of the defendant. See *People v. Ramirez*, 27 Cal. App. 3d 660, 104 Cal. Rptr. 102 (1972); and, *State ex rel. Lukish v. Superior Ct.*, 145 Wash. 450, 260 P. 671 (1927), cert. den. 276 U.S. 630, 48 S. Ct. 324 72 L. Ed. 740.

We concur in the principles enunciated in the above cases and find them applicable to the case under consideration. Here it clearly appears that the defendant, believing that the delay was beneficial, requested and was granted several continuances. By his actions he, at least impliedly, consented to the discharge of the jury. As stated in *People v. Caballero*, 194 Misc. 145, 84 N.Y.S.2d 762 (1948), "Certainly the scrupulous solicitude of this court in protecting this defendant and respecting his wishes, in order that his right to a fair trial might be preserved, forecloses and estops him now, from asserting the plea of former jeopardy."

It would not comport with reason to permit a defendant to request and receive a continuance and then, upon the resumption of the trial, invoke the defense of former jeopardy. This is the precise posture of the petitioner in this case. We find his position untenable and the relief sought on the ground that he has been subjected to double jeopardy is denied.

The petitioner's other grounds for relief—denial of a speedy trial and effective assistance of counsel—are likewise without merit. Considering the record, we cannot say that the defendant was deprived of a speedy trial, when most, if not all, of the delay was attributable to his own actions. Concerning the issue of effective assistance of counsel, it appears quite vividly from the record that the actions of defendant's counsel were designed to benefit his defense. Nothing in this record reflects ineffective assistance of counsel.

A further matter raised by the petitioner concerns a conviction on a completely separate crime. In December,

1977, he was tried and convicted of the offense of breaking and entering the Clay Brothers Super Market (Indictment 76-F-2) in Logan County. Sentence was imposed on December 26, 1977 and the petitioner here contends that he was deprived of his right to appeal that conviction. "One convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable." Syllabus, *State ex rel. Bratcher v. Cooke,* 155 W.Va. 850, 188 S.E.2d 769 (1972). It appears from the record that there may have been cause for the failure of his counsel to prepare and present a timely appeal in that case. However, we agree that the petitioner is entitled to an appeal and we now direct that he be resentenced in the Clay Brothers Super Market case (Indictment 76-F-2) so as to start a new appeal period. Where the state has not been extraordinarily derelict in its duty to afford the defendant an opportunity to appeal his conviction, such defendant may be resentenced and a new appeal period begun so as to afford him an opportunity to appeal. See *Johnson v. McKenzie,* ____ W.Va. ____, 235 S.E.2d 138 (1977). We further direct that counsel appointed to prosecute such appeal proceed therewith promptly and diligently.

Regardless of the outcome of the appeal in the Clay Brothers case, the petitioner, being incarcerated for convictions of other crimes, sentences for which are not complete, will not be discharged from custody.

For the reasons stated herein the relief of discharge as prayed for by the petitioner is denied. However, the petitioner will be resentenced upon his conviction for the charge of breaking and entering the Clay Brothers Super Market.

*Release denied;*
*resentencing ordered re*
*Felony Indictment*
*76-F-2.*