619 S.E.2d 215

**STATE of West Virginia ex rel. Paul Dennis SEXTON, Petitioner,**

v.

**The Honorable Charles M. VICKERS, Judge of the Circuit Court of Fayette County, Respondent**

No. 32649.

Supreme Court of Appeals of West Virginia.

Submitted June 15, 2005.

Decided June 30, 2005.

---

Thomas K. Fast, Fast Law Office, Fayetteville, for the Petitioner.

Carl L. Harris, Assistant Prosecuting Attorney, Fayette County, Fayetteville, for the Respondent.

PER CURIAM:

Paul Dennis Sexton (hereinafter referred to as "Petitioner") seeks a writ of prohibition from this Court to bar enforcement of the

March 9, 2005, order of the Circuit Court of Fayette County that directs retrial of all charges of which Petitioner was convicted. Petitioner asserts that retrial of all charges, rather than only those charges which were incorrectly treated as felonies, offends due process principles. For the reasons set forth below, the writ is denied

## I. Factual and Procedural Background

Petitioner was indicted in September 1999 of twenty-four counts of first degree sexual abuse of a minor,[1] twenty-four counts of sexual abuse by a custodian[2] and ten counts of exhibition of obscene matters to minors.[3] At the conclusion of the trial of the charges, the jury returned a guilty verdict for twelve counts of sexual abuse of a minor, twelve counts of sexual abuse by a custodian and five counts of exhibition of obscenity to a minor. The April 25, 2001, order of conviction reflected this verdict. By order entered May 22, 2001, the lower court sentenced Petitioner to the West Virginia Division of Corrections for one to five years for each count of sexual abuse of a minor, ten to twenty years for each count of first degree sexual abuse by a custodian and two years for each conviction of exhibition of obscene matter to a minor. Within each category of offense, the lower court ordered that the sentences be served concurrently, but that the sentences of each crime category be served consecutively.

Following numerous delays in his attempt to appeal conviction and to obtain resentencing, Petitioner's direct appeal to this Court was refused by order entered January 15, 2004. Thereafter, proceeding pro se, Petitioner filed a petition for habeas corpus relief in the circuit court through which he challenged his conviction on all counts. Petitioner's successful argument hinged on ineffective assistance of counsel resulting in his improper conviction and sentencing for five counts of exhibiting obscene material to a minor as felony offenses when the crime was actually classified as a misdemeanor at the

1. *See* W. Va.Code § 61–8B–7 (1984) (Repl.Vol. 2000).

2. *See* W. Va.Code § 61–8D–5 (1984) (Repl.Vol. 2000).

3. *See* W. Va.Code § 61–8A–2 (1984) (Repl.Vol. 2000).

time the acts constituting the crime were committed. More specifically, Petitioner argued that he was incorrectly convicted of and sentenced for five counts of exhibition of obscenity to minors as felony offenses under the 2000 version of West Virginia Code § 61–8A–2 when in fact the conduct with which he was charged occurred in 1999 when the offenses were deemed misdemeanors.[4] The lower court determined that the appropriate relief in this case was to vacate the orders of conviction and sentencing and to retry all charges. These rulings were incorporated in the March 2, 2004, order of the lower court, in which the following findings were also made:

 1. The Petitioner, Paul Dennis Sexton, was indicted by the September 1999 Grand Jury for ten (10) counts of exhibiting obscene material to a minor a violation of Chapter 61, Article 8A, Section 2 of the West Virginia Code, a misdemeanor.

 2. Paul Dennis Sexton's trial on those charges as well as the other charges in the Indictment was held on April 11, 2001.

 3. The jury was instructed that the offenses of exhibiting obscene material to a minor were felonies.

 4. The Petitioner was found guilty of felony offenses exhibiting obscene material to a minor.

 5. . On May 22, 2001, the Petitioner was sentenced to the West Virginia Department of Corrections for a determinant sentence of two (2) years on each of the convictions for exhibiting obscene material to a minor, which sentences were ordered served concurrently with each other and consecutive to the other sentences imposed by the Court on other counts in the Indictment for which the defendant had been found guilty.

 6. The Petitioner was prejudiced by instructing the jury that those Counts in the Indictment were felonies.

The instant petition for a writ of prohibition seeks to prevent execution of the March 9, 2005, order to the extent that it commands retrial of any offense other than exhibiting obscenity to a minor.

## II. Standard of Review

 ■ As we have noted frequently, a writ of "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. Pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953); *see also* W. Va.Code § § 53–1–1 (1923) (Repl.Vol.2000). Under circumstances similar to those presented in the case at hand, we said in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

 In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Additionally, Petitioner's double jeopardy argument involves a question of law for which our review is de novo. *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

---

**4.** In 1999, the offense of exhibiting obscene material to a minor was classified as a misdemeanor offense with the potential punishment of up to six months in the county jail or up to a $500 fine or both jailed and fined. 1974 W.Va. Acts ch. 35.

706

## III. Discussion

■ Double jeopardy protections are afforded under both the West Virginia and United States Constitutions.[5] We defined the reach of these protections under our state constitution in syllabus point two of *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992), by stating:

"The Double Jeopardy Clause in Article III, Section 5 of the *West Virginia Constitution*, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense. Syllabus Point 1, *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977)."

Petitioner's argument is a retrial of the charges involving first degree sexual abuse and sexual abuse by a custodian amounts to a breach of the second guarantee set forth in *Gill*.

■ Petitioner further claims that since jeopardy had attached only a finding of trial error involving the first degree sexual abuse and sexual abuse by a custodian convictions would warrant retrial of the same offenses. On this point, Petitioner reminds us of our holding in syllabus point one of *Adkins v. Leverette*, 164 W.Va. 377, 264 S.E.2d 154 (1980), which states that " '[o]ne is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn.' *Brooks v. Boles*, 151 W.Va. 576, [583,] 153 S.E.2d 526 [,530] (1967)." The State, without citing any authority, contends that the court below correctly acted in vacating the convictions and ordering retrial because the court "believed instructing the jury incorrectly that Counts in the Indictment were felonies when they were in fact misdemeanors may have prejudiced the jury on the remaining felony Counts."

■ Both the position of Petitioner and the State fail to hit the nail on the head. Our holding in syllabus point two of *State v. Holland*, 149 W.Va. 731, 143 S.E.2d 148 (1965), squarely addresses the issue before us:

Where a conviction and sentence are set aside and held to be void by motion of the defendant in the trial court, by appeal, or by habeas corpus proceedings, double jeopardy is not applicable because in each instance it is waived and there is no inhibition to another trial for the same offense.

*See also* Syl. Pt. 6, *State v. Cross*, 44 W.Va. 315, 29 S.E. 527 (1897) ("If one convicted of felony asks and obtains a new trial, the former conviction does not acquit him or prevent his retrial, as he waives the jeopardy of the former trial."). Petitioner's pro se habeas corpus petition specifically requests the following relief: "that he be granted unconditional release, the Jury verdicts be set aside, a post judgment of acquittal be interred [sic] in it's [sic] place or be granted a new trial." It is clear that the lower court's grant of a retrial was within the broad relief Petitioner requested. Petitioner cannot now complain that he was granted what he requested. His unqualified request for relief served as a waiver of any double jeopardy claim that he was being prosecuted a second time for the same offenses for which he had already been convicted. This being the case, there is no basis on which a writ of prohibition should issue from this Court.

## IV. Conclusion

As we have found no grounds to block the implementation of the March 9, 2005, order of the Fayette County Circuit Court directing retrial, the relief in prohibition is denied.

Writ denied.

---

5. Article III, § 5 of the West Virginia Constitution provides that "[n]o person shall ... be twice put in jeopardy of life or liberty for the same offence." Similarly, under the Fifth Amendment of the United States Constitution, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."